[No. 994. Decided November 15, 1893.]

J. T. LONG, *Appellant*, v. C. A. BILLINGS *et al.*, *Respondents*.

7    267
832   227
7    267
33   510

CONSTITUTIONAL LAW — APPROPRIATION OF WAY OF NECESSITY —
APPEAL — RECORD — BILL OF EXCEPTIONS.

A special proceeding to appropriate a "private way of necessity" not being an equitable proceeding, but a legal one in the nature of a condemnation proceeding, no more of the record need be brought up on appeal under Code Proc., §1423, than in ordinary civil actions.

When the only error assigned is the judgment of dismissal of a complaint, which is substantially the sustaining of a demurrer thereto, there is no necessity for a bill of exceptions.

The provision of art. 1, §16 of the state constitution authorizing the taking of private lands for "private ways of necessity" is not self-executing, but before a right to such private ways of necessity can arise, the legislature must define what they are, authorize per-

sons to apply for them, and prescribe the method by which the necessary land is to be taken.

*Appeal from Superior Court, Thurston County.*

*George W. Tyler*, for appellant.

*Skillman & Agnew*, and *Robinson & Linn*, for respondents.

The opinion of the court was delivered by

STILES, J.— An application to a court for the designation of a way of necessity, as a common law right, would be an equitable proceeding, and on an appeal in such a case, taken in April, 1893, the entire record must have been brought up, as in other equity cases. But the matter before us is not such an application, but rather a special proceeding to appropriate a "private way of necessity" as the term is used in the constitution; in other words, it is a condemnation proceeding. In such cases no more of the record need be brought up than in ordinary civil actions. Code Proc., § 1423.

In this case there was no necessity for a bill of exceptions to be settled and signed. The only error assigned was upon the judgment of dismissal. The decision of the superior court was substantially the sustaining of a demurrer to the complaint, which was made apparent upon the record, and no exception was necessary. Code Proc., § 398. Moreover, an exception was noted and signed by the judge, being made a part of the order of dismissal.

The respondents' motion to dismiss must, therefore, be denied.

Appellant procured a lease of five acres of land, to be used as a stone quarry. This land lay along the south side of a sixty-acre tract of land belonging to a third party, through which ran the track of the Northern Pacific Railroad Company, several hundred feet away. Appellant

alleged that after he received his lease he entered into negotiations with the owner of this latter tract for a way over it to the railroad track, and had been orally promised a right-of-way, when the respondents, one of whom was his lessor, interfered, and purchased the entire sixty-acre tract and refused him a crossing upon any terms. The allegations show the practical necessity for a way across the particular tract of land. The right to a way of necessity arose at common law when the owner sold land to another which was cut off from necessary access to a highway, by other land at the time owned by the grantor. In such a case the purchaser's right was to have a way designated without any compensation to the owner. But when the purchaser found himself thus cut off by lands not the property of his grantor, his remedy was by means of a public road only; and this public road could be opened only through the proper authorities having such matters within their jurisdiction, through condemnation proceedings, since private lands could not be taken for merely private purposes. In our constitution, however, there is authority for the taking of lands for "private ways of necessity" (art. 1, § 16), and it is of this authority that appellant sought to take advantage. This authority is contained in a section which is wholly devoted to prohibitions against the invasion of private rights of property, and can be regarded in no higher light than as a permission to the legislature to provide for the taking of private lands for these merely private roads. It is not a self-executing provision which operates to confer the right to have such a way laid out, upon any person. Before any such right can arise, the legislature must define what are to be "private ways of necessity," authorize persons to apply for them, and prescribe the method by which the necessary land is to be taken. *Tacoma v. State*, 4 Wash. 64 (29 Pac. Rep. 847).

The court below having disposed of the case in accordance with the views here expressed, the judgment is affirmed.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

HOYT, J.:— I concur in the result.