[No. 6326.  Decided November 23, 1906.]

THE STATE OF WASHINGTON, *on the Relation of John D.
Jones et al.*, *Plaintiff*, v. THE SUPERIOR COURT FOR
PIERCE COUNTY AND THE TOWN OF BUCKLEY,
*Respondents.*[1]

MUNICIPAL CORPORATIONS—RESOLUTIONS—AUTHORITY TO INSTITUTE
CONDEMNATION PROCEEDINGS.  Under Bal. Code, §1011, giving towns
the power to establish and lay out alleys, the granting of a petition
therefor, in the form of an order adopted by the city council with
all the formalities required for the passage of an ordinance or reso-
lution, is sufficient to authorize the institution of condemnation pro-
ceedings; as the order was in effect a resolution and the same need
not be by ordinance.

STATUTES—AMENDMENT—CONDEMNATION BY TOWNS.  Laws 1893,
p. 135, providing the procedure for condemnation by towns is not
unconstitutional by reason of its failure to set out the superseded
statute as amended thereby, as it is not an amendment thereof, but
an independent act; and towns accordingly have power to condemn
pursuant thereto.

MUNICIPAL CORPORATIONS — EMINENT DOMAIN — PUBLIC USES —
ALLEYS.  The power given to a town to condemn for "public corpor-
ate uses" includes the power to condemn lands for an alley neces-
sary for the use of its inhabitants.

SAME—STATUTES.  Laws 1893, p. 135, authorizing towns to con-
demn lands has not been superseded by subsequent statutes.

SAME—PETITION—JURISDICTION TO CONDEMN.  A town has power
to condemn land for an alley upon its own initiative, and a petition
by a majority of the property owners affected is therefore not a jur-
isdictional prerequisite.

SAME—NECESSITY—ATTEMPT TO AGREE WITH OWNERS.  Upon a con-
demnation proceeding by a town to open an alley through a block, it
is not a condition precedent that the town should attempt to agree
with the owners as to the price to be paid for the land taken.

SAME—NECESSITY—APPEAL—REVIEW.  Error in that the court
ruled that the question of necessity rested with the city council will

[1]Reported in 87 Pac. 521.

not be considered, where the ruling is not pointed out in the briefs, and the court found the necessity upon conclusive evidence.

SAME—EVIDENCE OF NECESSITY—ADMISSIBILITY. Upon a condemnation proceeding by a town to open an alley, evidence to show want of necessity to the effect that the city had used a portion of adjacent land for an alley, is properly excluded; since an absolute necessity need not be shown.

Certiorari to review an order of the superior court for Pierce county, Huston, J., entered June 29, 1906, adjudging a public use and ordering an assessment of damages, after a trial on the merits in a condemnation proceeding. Affirmed.

*H. W. Lueders*, for relators.

*W. B. Osbourn*, for respondents.

MOUNT, C. J.—Certiorari to review an order of the trial court in condemnation, adjudging an alley necessary for a public use in the town of Buckley, and ordering a jury to assess the damages for the taking thereof.

The town of Buckley is a municipal corporation of the fourth class. Block 2 of Spaulding's Addition in said town is one of the principal blocks in said town. This block is composed of several lots, but contains no public alley. There are eight lots one hundred and ten feet deep by forty feet wide, facing Main street. This block is two hundred and eighty feet wide. On June 9, 1906, several persons, being the owners of one hundred and sixty-four feet of the lots facing on Main street, petitioned the city council of said town to open an alley ten feet wide across said block 2 at the rear of the lots facing on Main street, for the purpose of laying a sewer along said alley to the rear of the buildings located upon all of said lots. When the petition was filed, notice of its consideration to be held on February 7th, 1906, was duly published. At the time set for the hearing of the petition, objections were made by the relators herein, but the council, upon a vote by ayes and noes, granted the petition,

and the following was entered upon the minutes of the council:

"On motion, petition granted, and streets and alleys committee and clerk were instructed to obtain title to the necessary right of way."

Thereafter, on March 7, 1906, the town council further considered the opening of the alley, and ordered the city attorney to begin condemnation proceedings against all property owners who had not agreed to deed to the city lands for the alley. The record of the city council is as follows:

"It was moved and seconded that W. B. Osbourn be instructed to institute condemnation proceedings against all of said property owners in proposed alley, that said streets and alleys committee are unable to arrange terms with."

This motion was carried by a unanimous vote by ayes and noes, by all members of the council except one, who was absent. Thereafter, on March 11, 1906, the city attorney brought an action in the name of the city to condemn the property necessary to complete the alley. The relators, having been served with summons, appeared and objected to the jurisdiction of the court, on the ground that the city had no power to exercise the right of eminent domain, and because the city had not authorized the proceedings by resolution or otherwise. These objections being overruled, a demurrer was filed substantially upon the same grounds. The demurrer being overruled, relators filed an answer denying all the allegations of the petition, and alleging the existence of an alley near the one sought to be condemned. At the trial evidence was introduced showing the necessity and public use for the alley. Findings and a judgment were entered accordingly, and a jury was ordered to assess the damages. The relators thereupon sued out this writ. Other facts necessary to an understanding of the questions involved will be stated hereafter.

It is first contended by the relators that the court was without jurisdiction, because the city had not passed an

ordinance or resolution establishing the alley, and it is claimed
that the order of February 7 was neither an ordinance or a
resolution.  It is true that the order is not in form an ordi-
nance, nor does it contain the word "Resolved," but it is
nevertheless an order of the city adopted with all the form-
ality required for the passage of an ordinance or a resolu-
tion.  It is in effect a resolution.  21 Am. & Eng. Ency. Law
(2d ed.), p. 947.  A petition was filed, praying for the estab-
lishment of an alley, designating its location and size.  Proper
notice was given, and the city, upon motion, granted the pe-
tition.  The statute gives cities of the fourth class power to
establish and lay out alleys.  Bal. Code, § 1011 (P. C. § 3523).
There is no provision that such orders shall be by ordinance.
A resolution or motion amounting to a resolution was there-
fore sufficient.

Relators next contend that the city was without power to
condemn, because no procedure therefor has been provided.
It is conceded that the act of 1893, Laws of 1893, page 135,
provides that the procedure for condemnation by cities of
the fourth class shall be in a manner provided by the act re-
lating to the appropriation of land by corporations.  But
it is contended that this act is unconstitutional, because it is
in substance an amendment of Bal. Code, § 1017 (P. C.
§ 3530), and does not set out the section as it would read as
amended.  But the act of 1893 is not, and does not purport
to be, an amendment of any other section of the law.  It is
an independent act, and the criticism of the relators is there-
fore entirely without merit.

It is also contended that the act empowers cities to con-
demn for "public corporate uses," and that this clause does
not include a street or alley to be used by the public, but
only includes property sought to be used by the corporation
itself, such as sites for fire engines, city halls and the like.
But we are of the opinion that this clause means any public
corporate use such as a city needs for the public or for it-

self, and includes streets and alleys within its borders neces-
sary for the use of its inhabitants. It is also contended that
the act has been superseded by subsequent legislation, but
the acts referred to in the briefs as superseding the act in
question have no reference to the act under consideration,
but are amendments of sections of other acts entirely inde-
pendent of this one.

It is next contended that the petition is not signed by a
majority of the property owners in the district, and that this
fact is jurisdictional. It seems that the principal use the
petitioners desired for the alley was a sewer which was about
to be constructed. The petition upon its face appears to
include a majority of the owners of real estate in the pro-
posed district. But, conceding that it does not, the city has
authority to open alleys and streets for public use upon its
own initiative without a petition therefor. The question pre-
sented is therefore not jurisdictional. The fact that the city
may intend to use the alley for a public sewer or a street or
other public use does not alter the power of the city to con-
demn.

It is next contended that the court erred in holding that it
was not necessary for the city to show that there had been
an attempt and failure to agree with the property owners
upon the price to be paid for the land which the city desired
for the alley. We held in *Puyallup v. Lacey*, 43 Wash. 110,
86 Pac. 215, that such fact is not a condition precedent to
the institution of proceedings to condemn. Furthermore, the
act under which this proceeding was maintained contained no
requirement that there should be an attempt to agree. Bal.
Code, § 1292 (P. C. § 5143).

It is contended that the court erred in holding that the
necessity for the alley rested with the city council, and in
excluding certain evidence offered by relators, to the effect
that, at some prior time, certain persons had reserved for an
alleyway portions of the block near the proposed alley, and

that therefore there was no necessity for the proposed alley. The page of the record is not pointed out by the briefs where the court held that the question of necessity rested with the council, and we are unable to find that the court made such ruling. On the other hand the evidence in the record is conclusive that there was a necessity for the alley, and that the use was a public use, and the findings made by the court are that the contemplated use is a public use, and that the land sought is required and necessary.

When the relators offered certain evidence to the effect that the city had actually used for an alley a portion of the tract of land adjoining the proposed alley, a part of the length thereof, the court refused this evidence. This refusal was no doubt based upon the rule, laid down in *Samish River Boom Co. v. Union Boom Co.*, 32 Wash. 586, 73 Pac. 670, that the necessity to be shown is not an absolute necessity, but a reasonable necessity depending upon the circumstances of the case. For instance, if the city had theretofore used a crooked alley and desired it straightened for convenience of laying sewer pipe or water mains therein, or for the convenience of teams using the alley so that two teams at the same time might not enter in opposite directions and by reason of the narrowness of the alley become blocked therein, under such circumstances it could not be urged that there was no reasonable necessity for the alley to be made straight. We think the court did not err in rejecting the evidence offered, and finding there was a necessity for the alley as proposed.

The other questions presented need not be further discussed. We find no error in the record. The order made by the trial court is therefore affirmed.

DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.

CROW and ROOT, JJ., took no part.