[No. 7942.    Decided April 1, 1909.]

J. W. RAYBURN et al., Appellants, v. ROBERT ABRAMS et al.,
Respondents.[1]

APPEAL—DECISIONS APPEALABLE—DEFAULT AFTER SUSTAINING DE-
MURRER—DISMISSAL. A judgment of dismissal, for default in amend-
ing a complaint, after sustaining a demurrer thereto, is appealable;
since no exception was necessary to the order sustaining the demur-
rer and no further steps are necessary to secure a review, excepting
an appeal (Overruling *Pacific Supply Co. v. Brand*, 7 Wash. 357, and
*Hall v. Skavdale*, 21 Wash. 203).

Motion to dismiss an appeal from a judgment of the su-
perior court for King county, Albertson, J., entered De-
cember 2, 1908, dismissing an action upon failure of the
plaintiff to amend, after sustaining a demurrer to the com-
plaint.   Denied.

*Will H. Thompson* and *J. W. Rayburn*, for appellants.
*Hughes, McMicken, Dovell & Ramsey*, for respondents.

DUNBAR, J.—A demurrer was sustained to the plaintiffs'
amended complaint.   There was no request to further amend,
and after the time had expired for the amendment of the
complaint, a motion was made for judgment dismissing the
action.   The motion stated that the plaintiffs had wholly
failed to plead further, or to make any application for leave
to file a further amended complaint, and that the time of
said plaintiffs so to do had expired.   The motion was sus-
tained by the court, and judgment of dismissal was entered.
Appeal was duly taken from this judgment, and motion is
made here to dismiss the appeal, for the reason that it is not
an order or judgment from which an appeal will lie, the con-
tention being that the judgment was a judgment by default.
The respondents rely on the case of *Pacific Supply Co.
v. Brand*, 7 Wash. 357, 35 Pac. 72, and *Hall v. Skavdale*,
21 Wash. 203, 57 Pac. 807.   In the case of *Pacific Supply*

[1]Reported in 100 Pac. 751.

*Co. v. Brand*, after the sustaining of the demurrer, the appellant asked, and was granted, ten days to amend his complaint. After the lapse of that time, no proceedings having been had, the respondents moved the court for an order adjudging appellant to be in default, and for a dismissal of the action, whereupon the court entered an order accordingly and dismissed the action; and it was held that an appeal would not lie from a judgment of dismissal for want of prosecution. The case of *Hall v. Skavdale* was the same kind of a case, and simply followed the former case. The fact that the appellants in the cases above cited asked leave to amend their complaints might be some indication that they had abandoned the original complaints, and that, upon the failure to file the amended complaint within the time prescribed, they had abandoned the whole cause of action. Still they were under no obligation to ask leave to file an amended complaint, and the cases can scarcely be distinguished in principle from the case at bar. But after a reconsideration of this question, we are inclined to the view that the earlier cases were wrongly decided, and that the appellants were deprived of their right of appeal without just cause.

The pertinent question is, what is the particular thing that the appellants should do to preserve their right to appeal? What does the law require them to do? If there is no duty violated, it is fundamental that no penalty should attach, and that there should be no deprivation of rights. There seems to be no duty prescribed excepting the notice of appeal, which in this case was given within the time allowed by the law. Presumably there was no amendment which the appellants could make. They had probably stated all the case they had. The demurrer challenged the sufficiency of those statements. The court decided that they were not sufficient to constitute a cause of action, and on that question alone they desired to appeal. On that question they had a right to the judgment of the appellate court. What should they do? They had a right to submit their case to the court

without argument and without being present. Probably professional courtesy might require their presence in the court, or even the presentation of their views on the subject under discussion; but these are matters outside of legal rights or directions. But if they had been in court and had announced that they desired to stand on their complaint, that would have been nothing more in substance than an exception to the ruling of the court on the demurrer, and under the decisions of this court and the plain provisions of the statute, they are not compelled to except; because the exception is apparent upon the record. The case of *Long v. Billings*, 7 Wash. 267, 34 Pac. 936, seems to sustain this view. There, in discussing the motion to dismiss, it was said:

"In this case there was no necessity for a bill of exceptions to be settled and signed. The only error assigned was upon the judgment of dismissal. The decision of the superior court was substantially the sustaining of a demurrer to the complaint, which was made apparent upon the record, and no exception was necessary."

Here the only question sought to be raised is the decision of the court sustaining the demurrer to the complaint, and no exceptions being necessary, and the statute not prescribing any other action or duty on the part of the appellants, excepting an appeal, this court is without authority to dismiss appellants' appeal.

The motion will therefore be denied.

ALL CONCUR.