[No. 12426.   Department One.   March 13, 1915.]

THE TOWN OF REDMOND, *Respondent*, v. W. P. PERRIGO
et al., *Appellants*, HOLLAND-NORTH AMERICAN
MORTGAGE COMPANY, *Defendant*.[1]

EMINENT DOMAIN—BY CITIES—POWER—STATUTES—REPEAL. Cities
and towns of any class are expressly authorized to condemn lands for
the purpose of supplying a water system, by 3 Rem. & Bal. Code,
§ 8005, which supersedes Rem. & Bal. Code, § 7768, limiting such
power to cities and towns having over 1,500 inhabitants.

SAME—BY CITIES—PROCEDURE—FAILURE TO PROVIDE. In the ab-
sence of a law specifying the procedure, a town of less than 1,500 in-
habitants, granted the right of eminent domain, may follow the pro-
cedure provided in the general condemnation act, Rem. & Bal. Code,
§§ 921, 936, other cities and towns having been authorized to use
such procedure.

SAME—PROCEEDINGS—INSTRUCTIONS—MEASURE OF DAMAGES. In a
condemnation case, an instruction that the jury may take into con-
sideration the market value of the land together with the amount
of depreciation, if any, of the land not taken, and may consider and
determine the depreciation by reason of the taking of water rights,
and the value of the water rights taken, is correct and not open to
the objection that it fails to state that the measure of damages is
the difference between the value before and after the taking.

SAME—APPEAL—COSTS. A landowner, unsuccessfully appealing
from an award in condemnation, is chargeable with the costs of the
appeal.

Appeal from a judgment of the superior court for King
county, Smith, J., entered June 16, 1914, upon the verdict
of a jury awarding damages in condemnation proceedings.
Affirmed.

*Solon T. Williams*, for appellants.

*Weter & Roberts*, for respondent.

HOLCOMB, J.—Respondent Redmond is a town of the
fourth class, containing less than 1,500 inhabitants. It in-
stituted this action in the court below, by a petition and no-

[1]Reported in 146 Pac. 838.

tice, for the purpose of condemning certain real estate and water rights belonging to appellants outside of the corporate limits of said town, for the purpose of supplying a water system to said town. The appellants interposed a demurrer to the petition, upon the ground that plaintiff had no legal capacity to sue, and also that the petition did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the court took testimony and decided the use to be a public use, and empaneled a jury to determine the damages. Upon being tried to a jury, it returned a verdict for $3,000. Upon this verdict the court entered judgment of condemnation, and the award of damages and costs having been paid into court, its decree of appropriation was entered. From the final judgment, defendants appealed.

(1) Appellants contend that the only authority which plaintiff had to condemn and appropriate the land and water desired was under Rem. & Bal. Code, § 7768 (P. C. 171 § 31), and its amendments. That section is as follows:

"Every city of the first, second and third classes and other cities having a population of over fifteen hundred inhabitants within the state of Washington is hereby authorized and empowered to condemn land . . . either within or without the limits of such city for . . . conveying into and through such city a supply of fresh water," etc.

The town of Redmond has a population of something more than 300 inhabitants. The legislature, however, in 1909, passed an act, called the public utilities act, which was slightly modified in 1913, a part of which is as follows:

"Any incorporated city or town within the state be, and is hereby authorized to construct, condemn and purchase, purchase, acquire, add to, maintain, conduct and operate waterworks, within or without its limits, for the purpose of furnishing such city or town and the inhabitants thereof, and any other persons, with an ample supply of water for all uses and purposes, public and private, including water power and other power derived therefrom, with full power to regulate and control the use, distribution and price thereof; . . . It shall

be lawful for any city or town in this state to take, condemn and purchase, purchase, acquire and retain water from any public or navigable lake or watercourse, percolating or sub-terranean, or any underflowing water within the state, and, by means of aqueducts or pipe-lines, to conduct the same to said city or town; . . . any such city or town shall have the right to acquire by purchase, or by condemnation and purchase any lands, properties or privileges necessary to be had to protect the water supply of such city or town from pollution." 3 Rem. & Bal. Code, § 8005.

The above statute undoubtedly confers upon cities and towns of the first, second, third and fourth classes, and re-gardless of whether they are of more or less than 1,500 inhab-itants, the power to construct, condemn and purchase, pur-chase, acquire, add to, maintain, conduct, and operate water works within or without its limits. It is a later grant of power to cities and towns, and supersedes the former law restricting the power to certain cities and towns. But the appellants contend that, while § 8005 gave the right of con-demnation to such towns of the fourth class under 1,500 in-habitants, it did not give a method of condemnation, and that the old law, § 7768, is the only law that provides the method of condemnation. In other words, that while the respondent has the power to condemn, it must go empty-handed away be-cause there is no method provided; that the only method pro-vided for it is to condemn within its own limits. That cer-tainly is not the law. Where the power is given, a method will be accorded. The respondent proceeded under the pro-cedure for the condemnation of land provided in the general condemnation act, Rem. & Bal. Code, §§ 921, 936 (P. C. 171 §§ 173, 281). Section 7767, Rem. & Bal. Code, provides that such towns may use said procedure. The method pur-sued was the proper procedure for the respondent. *State ex rel. Jones v. Superior Court*, 44 Wash. 476, 87 Pac. 521.

(2) Appellants contend that the proper measure of dam-ages in the case is the difference between the value of the prop-

erty immediately before and immediately after the taking of the condemned portion, and that the court erred in giving and refusing instructions. The court instructed as follows:

"Now, the compensation or measure of damages for you to find is the fair market value of the water right and the land taken, together with the amount of depreciation, if any, to the value of the land not taken, without regard to the proposed construction of water works by the petitioner. In other words, the land has a certain value as it stands today; when the springs are taken away, and the water taken away the land is depreciated, presumably, and we will ask you to determine the depreciation with the water taken away, if any. In other words, what is the value to the premises of the water rights? So that the compensation to be paid Perrigo is the fair market value of the water right and the land taken, together with the amount of depreciation, if any, to the balance of his land by reason of this taking and that is without regard to benefits, if there are any, by reason of the proposed construction of the water works by the petitioner."

How counsel can contend that this instruction does not require the jury to measure the damages by determining the difference between the value of the property immediately before and immediately after the taking away of the condemned portion, we are unable to see. It certainly did not prejudice, but rather benefited, appellants that the court in the instruction given took pains to point out the water right particularly in considering the value of the land before and after the taking. The instruction follows the rule laid down in *Enoch v. Spokane Falls & N. R. Co.*, 6 Wash. 393, 33 Pac. 966. We perceive no error in the record. The respondent is entitled to costs of appeal. *Kitsap County v. Melker*, 52 Wash. 49, 100 Pac. 150.

The judgment is affirmed.

MORRIS, C. J., PARKER, MOUNT, and CHADWICK, JJ., concur.