THE STATE OF TEXAS EX REL. HENRY ELMENDORF ET AL.
v. SAN ANTONIO STREET RAILWAY COMPANY.

No. 572.

1. **Mandamus Against Corporation.**—Where duties are imposed by law upon private corporations, and no other specific remedy is provided for their enforcement, the writ of mandamus will lie.

2. **Same—Street Railway Company.**—The grant of a charter by the State and the ordinance of a city giving permission to use the streets, and the occupation of the street by the street railway company by virtue thereof, create an obligation and public duty to operate its line that can be enforced by mandamus at the instance of a private individual.

3. **Same—What Duties Enforced.**—The duties of corporations that will be enforced by mandamus are those of a public nature arising by operation of law, and not those arising merely from contract relations.

4. **Same—Pleading—Petition for Mandamus.**—The petition for mandamus must contain a clear statement of the failure and refusal of the respondent corporation to perform legal obligations to the public, and it must appear that there is no other adequate legal redress for the wrong complained of, and that the relator has a clear legal right to the performance of the particular duty; but the averment therein of matters for which mandamus would not lie may be looked to in determining whether a public duty is made to appear.

5. **Same—No Other Adequate Remedy.**—It is not necessary to state in terms that there is no other adequate remedy, but it is sufficient if it appears that there is not one from the statement of the case in the petition or complaint.

6. **Same.**—While relators could have sued for damages, yet that would not have obtained for them their right to a convenient street railway leading from their homes into the city, and will not defeat their right to the writ of mandamus.

APPEAL from Bexar.   Tried below before Hon. GEORGE H. NOONAN.

*Wright & Summerlin*, for appellant.—The court erred in sustaining the exceptions of appellee to appellants' petition and dismissing said cause, because the facts stated in the petition entitled the appellants to the relief therein prayed for.   Const., art. 10, sec. 7; Amended Judiciary Article of the Constitution, sec. 8; 2 Cook on Stockholders, sec. 902; Booth's Street Railway Law, sec. 65; High on Ex. Rem., secs. 1, 317, 430, 431; Railway v. Hall, 91 U. S., 343.

*Houston Bros.*, for appellee.—1.   It is a fundamental principle that mandamus only lies in a matter of public concern, and duties imposed on a corporation not by virtue of express law, or by the conditions of its charter, but arising out of contract relations, will not be enforced by mandamus.   Moses on Mandamus (ed. 1872), 149; High on Ex. Rem., sec. 321; The State v. Railway, 10 Am. and Eng. Ry. Cases, 334; 18 Eng. Law and Eq. Rep., 199.

2.   He who seeks the extraordinary process of mandamus must make a case clearly entitling himself to the relief sought, showing affirmatively: (1) that it is a public duty imposed by express law; (2) that he has no adequate remedy at law; (3) that the duty imposed by law is sufficiently specific and well defined to enable the court granting the writ to embody in it clearly and specifically the duty imposed by said writ.   Moses on Mandamus (ed. 1892), 204; Arberry v. Beavers, 6 Texas, 473; Railway v. The People, 30 Am. and Eng. Ry. Cases, 509.

FLY, ASSOCIATE JUSTICE.—On August 28, 1894, appellants filed this suit in the District Court of Bexar County for the purpose of obtaining a writ of mandamus to compel appellee to continue the operation of a certain line of street railway, which it had constructed and operated from the interior of the city of San Antonio to Lake View, a suburban property in said city, for a time, but had ceased to operate. It was alleged, that the road was built and operated by virtue of a charter from the State, an ordinance of the city, and a contract that it had entered into with the New England Land Company.   Exceptions were filed to the petition, which alleged that the petition was insufficient, because it sought to enforce the specific performance of a private contract by and between private corporations, and does not allege any contract between relators and respondent.   The exceptions were sustained.

The writ of mandamus, as used in modern times, may properly be defined as a command or order issuing from a court of competent jurisdiction, requiring some officer, inferior court, or corporation to perform some duty enjoined by law.   This duty may be, as in the case of the officer, one that pertains to and results from the official position, or may arise by operation of law.   Corporations are creatures

of the State, and deriving all their rights and franchises from the sovereign authority, it is well settled that it is within the power of the State to compel the proper exercise of corporate functions. It is therefore recognized as the proper rule, that where duties are imposed by law upon private corporations, and no other specific remedy is provided, the writ of mandamus should be granted. The duties incumbent on the corporation may arise from the operation of law as expressed, or by implication from the powers granted and the duties enjoined. It may be laid down as a general rule, that whenever the aid of the government is granted to a private corporation in the form of a monopoly, or a donation of public property or funds, or a delegation of the grant of eminent domain, the grant is subject to an implied condition that the company shall assume an obligation to fulfill the public purpose on account of which the grant was made. 2 Mora. Priv. Corp., 1129. The grant of the charter by the State and the ordinance of the city giving permission to use the streets, and the occupation of the street by the railway company by virtue thereof, creates an obligation and public duty upon the part of the company that can be enforced by writ of mandamus. Booth St. Ry. Law, sec. 65; Mora. Priv. Corp., secs. 486, 487. And this public duty may be enforced at the instance of a private individual. Railway v. Hall, 91 U. S., 343; The State v. Railway (Wis.), 12 L. R. A., 180, and notes; City of Potwin Place v. Topeka Railway (Kas.), 33 Pac. Rep., 309.

In the last named case, speaking of the failure of a street railway to operate its road on a street upon which it had been built, it is said: "These privileges were not granted to the company solely for the company's benefit, but rather that the citizens of the plaintiff city might have the benefit of an improved mode of travel—that they might enjoy the benefits of one of the inventions of the age. * * * Having accepted the rights and privileges conferred by the ordinance, we think the duty rests on them, in favor of the plaintiff city and its citizens, to render them the service for which the privilege was granted. * * * A street railway may be compelled by mandamus to perform these duties."

It must be kept in mind that the duties of corporations that can be enforced by mandamus must be those of a public nature arising by operation of law, either as embodied in the statute, the charter from the State, or the ordinance of a city, and it is the well established doctrine that duties arising out of contract relations will not be enforced by mandamus. High on Ex. Rem., 321; The State v. Railway, 16 Ohio St., 308; Railway v. The State (Fla.), 20 Law. Rep. Ann., 419.

Not being an open question, therefore, that public duties, imposed by or growing out of the law of their creation, which are incumbent on a private corporation, may be enforced by mandamus in the absence of adequate remedy at law, at the instance of any citizen, the question presented in this case is, does the petition state such a cause of action as to entitle the relators to the writ of mandamus? To con-

stitute grounds for the writ, there should be a clear statement of the failure and refusal to perform legal obligations to the public, and it must appear that there is no other adequate legal redress for the wrong of which complaint is made, and for which a remedy is sought. It must appear that the relator has a clear legal right to the performance of a particular act or duty at the hands of the respondent; and that the law affords no adequate or specific remedy to secure the enforcement of the right and the performance of the duty which it is sought to coerce. The writ of mandamus is the offspring of necessity arising from a failure of the law to furnish a remedy commensurate with the exigencies of the case, and it will never be granted unless it is alleged, not necessarily in terms, but in substance, that it is prayed for as a dernier resort.

There can be no doubt that whenever a charter is granted to a street railway company to construct and operate street railways, and the same are constructed and put into operation, that a duty to the public arises by implication to continue the operation of the same. The statement, therefore, that the corporation had been chartered by the State, and by city ordinance empowered to use the street, and that by virtue of the authority so granted the road had been constructed, and had ceased to be operated, and that the relator was a citizen of the county, is sufficient statement of a wrong, if proved, to authorize the issuance of the writ of mandamus. The petition, in so far as it attempted to set up duties arising from contract relations with appellee, was insufficient and subject to demurrer, but in addition, it is alleged that the "San Antonio Street Railway Company, under the provisions of its charter granted by the State of Texas, was authorized to construct a street railway on any of the streets of the city of San Antonio, upon permission being granted by the said city of San Antonio so to do. That said city of San Antonio, by an ordinance, did grant the privilege to the said San Antonio Street Railway Company to build and construct a line of street railway to said Lake View property, as set out and specified in said contract. And that the said San Antonio Street Railway did, in accordance with its charter and the ordinance of the said city of San Antonio, build and construct a street railway in accordance with said contract, and did operate and run said line of street railway as specified in said contract until within the last three months, when the said San Antonio Street Railway Company stopped the running of said line of cars, and has since that time only run a line of cars to Prospect Hill, a distance of over a mile from said Lake View property." It is further stated, that all of the relators own property along or near the discontinued line, and many are residents on the property.

While the allegations as to the contract made by the street railway company with the land company could form no basis for the application and granting of the writ of mandamus, still the contract being

set out in full in the petition, and it being alleged that the authority given by the ordinance to use the street was according to the terms of the contract, the latter can be referred to and used to indicate the terms upon which the right to use the street was granted. This shows that there was a covenant on the part of the appellee to construct the road by a certain date, "and thereafter to operate the same." In the prayer, it is asked that a writ of mandamus be issued to compel the appellee to run its cars in accordance with its charter and the ordinance of the city. The terms of the ordinance are alleged to be the same as the terms of the contract, and therein can be found the explicit duty set forth to operate cars on the line. If this were not true, the duty to operate the line arises by implication from the grant of use of the street and construction of the line.

But it is urged that there is no statement in the petition that there is no adequate remedy in law for the wrong done. It is not necessary to state in terms that there is no other adequate remedy, but it is sufficient if it appears that there is not one from the statement of the case. We are of opinion that this sufficiently appears from the allegations of the petition. In a Wisconsin case, it has been held that a mandamus would lie to compel a railroad company to build farm crossings, although the relator had the right to sue for and recover damages and penalties for the failure of the corporation to perform its legal duty, because these did not afford an adequate remedy for the injury received. State ex rel. v. Railway, 12 Law. Rep. Ann., 180.

Appellants in this case could have sued for damages, but that would not have obtained what they desired—the convenience of a street railway leading from their homes into the city. There was error in sustaining the demurrers, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 27, 1895.

### ON MOTION FOR REHEARING.

FLY, Associate Justice.—Standing alone, the allegations in the petition in regard to the contract were subject to exception, but in so far as the terms of the contract were referred to, to show the terms of the ordinance, they should have been retained in the petition. It was not held that the petition would be sufficient with that portion pleading the terms of the contract stricken out; but, on the other hand, the contract was referred to and the petition sustained by the contract, not as the basis of the suit, but as embodying the terms of the ordinance by which the public duty arose. That there are defenses that might be interposed to a mandamus to compel the running of cars on a street railway line is clear to this court, but it did not feel called upon to set them out in its opinion. It becomes useless for us to an-

ticipate possible defenses at this time, which will meet with due consideration when properly presented.

There is no merit in the motion for rehearing, and it is overruled.

*Overruled.*

Delivered March 27, 1895.

JAMES, Chief Justice, did not sit in this cause.

Writ of error refused.