PEOPLE ex rel. KAY v. SWANSTROM, President of Borough of Brooklyn.

PEOPLE ex rel. DUBEY v. SAME.

(Supreme Court, Appellate Division, Second Department.  January 16, 1903.)

1. MANDAMUS—APPOINTMENT TO PUBLIC OFFICE—INTEREST OF RELATOR.

Any citizen may apply for mandamus to compel a municipal officer to make an appointment required of him by law; it not being necessary that relator have an individual right to the appointment; the omission to appoint affecting the public interests generally.

2. SAME—DUTY TO APPOINT.

Greater New York Charter, § 383, provides that the president of a borough shall have power to appoint such assistants as he may deem necessary, if provision be made therefor by the board of estimates and apportionment, to hold office at the pleasure of the president, subject to the civil service laws.  Municipal civil service rule No. 7 provides that when there are urgent reasons for filling a vacancy in any position in the competitive class, and there is no eligible list, a provisional appointment may be made, which shall not continue for more than ten days after notice of an eligible list, or for more than two months in any case. Held, that even if the president, by creating the position of superintendent of incumbrances, to which he made a provisional appointment, there being then no eligible list, created temporarily a position as much a public one as if expressly created by statute, he could not, after expiration of the two-months term of the provisional appointee, be compelled to fill it from the eligible list which had been prepared; he stating that he and another are doing the work of the office, and thus saving the salary, and that there is no present necessity for filling it, and that no public interest is suffering by his omission to appoint; and it not affirmatively appearing that any provision for payment of salary has been made by the board of estimates and apportionment.

Appeal from special term, Kings county.

Applications for mandamus by the people of the state of New York, —one on the relation of Joseph W. Kay; the other on the relation of Edward A. Dubey; both against J. Edward Swanstrom, as president of the borough of Brooklyn, city of New York.  From an order in each case denying a motion for a peremptory writ, appeal is taken. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Alfred E. Sander, for appellants.

James McKeen (Walter S. Brewster, on the brief), for respondent.

GOODRICH, P. J.  The two motions were designed to accomplish the same result, viz., to compel the defendant, as president of the borough of Brooklyn, to "appoint a suitable person * * * for the position of superintendent of incumbrances of the borough of Brooklyn."  The application in the Kay case was denied on July 11, 1902, by Mr. Justice GAYNOR, who, in a memorandum, said:

"There are not sufficient facts stated to permit the issuing of a writ. There is no allegation that the place is filled by a temporary appointment, which is being illegally prolonged.  Motion denied, with leave to renew on full papers."

The Dubey case was commenced on July 31st, and the motion was denied by Mr. Justice DICKEY, who filed the following memorandum:

"Persons who have taken examinations for places in the competitive class, and who have obtained a rating qualifying them for appointment, are entitled to, and should receive, fair and honorable treatment at the hands of the appointing power. If I believed that the borough president was unfairly treating any person thus qualified, or discriminating against him, I would at once direct a mandamus to issue. But he says there is at present no public need of his filling the place; that Mr. Redfield and himself are doing the work of the place, and thus saving the taxpayers the salary. He also says that he is considering the question whom he will appoint, and intimates that he will make the appointment when one is needed. If what he says is true,—and I must believe it,—and in view of the fact that there is nothing in the moving papers showing that any public interest is suffering because of his delay in choosing some one for this place, I am constrained to deny the motion for mandamus."

Apparently, the Dubey application was made, though by a different petition, through the same attorney, by reason of a clause in the Kay order granting "leave to renew upon full papers." The appeals from the two orders were argued together in this court, and the facts upon which our decision must rest are substantially the same in both cases.

Greater New York Charter, § 383, provides that the president of a borough of the city—

"Shall have power to appoint a secretary and such assistants, clerks and subordinates as he may deem necessary, if provision be made therefor by the board of estimate and apportionment and the board of aldermen. The said secretary, assistants, clerks and subordinates shall hold office at the pleasure of the president, subject to the provisions of the civil service laws. He shall, within the borough for which he shall have been elected, have cognizance and control * * * (6) of the removal of incumbrances."

In pursuance of this provision, the defendant created the position of superintendent of incumbrances of the borough of Brooklyn at a time when there was no eligible list for the position in the competitive class. The municipal civil service rule No. 7 of the city of New York provides that whenever there are urgent reasons for filling a vacancy in any position in the competitive class, and there is no eligible list, a person may be provisionally appointed, "but such provisional appointment shall not continue for more than ten days after notice to the appointing office that an eligible list for such position has been prepared or for a longer period in any case than two months." On February 4th the defendant, through Mr. Redfield, commissioner of public works, appointed Henry A. Goulden provisionally to the position, and the limit of his term was April 4th. Thereafter the municipal civil service commissioners held a competitive examination, in which Goulden participated, and they prepared an eligible list, and, on the request of the defendant, certified to him the names of three veterans for the position in question, who were at the head of the eligible list; Goulden's name not being included therein. The defendant, in his answering affidavits, alleged that he, with the co-operation of Mr. Redfield, as commissioner of public works, was performing the duties of the position in question, devolved upon him by the charter, and that there is no emergency, and no immediate necessity that the position should be filled by appointment.

The first question presented by the appeal is the standing of the relator to make the application, and this appears to be settled by

abundant authority. In People v. Daley, 37 Hun, 461, an application was made to the court for a writ of mandamus directing a board of village trustees to appoint a board of health for the village. The public health law (chapter 270, Laws 1885) made it the duty of village trustees to appoint such board. The court held that every citizen has a right to compel the performance by public officers of the duty imposed upon them of executing laws of the state which are enacted for the benefit of the community, and that any citizen might apply to the court for a writ of mandamus "where the act omitted to be performed affects the public interests generally, and all citizens are equally concerned in securing its performance, and that has been enjoined by a law of the state." See, also, Baird v. Supervisors, 138 N. Y. 95, 33 N. E. 827, 20 L. R. A. 81. It has been repeatedly held that the rule that a relator applying for a writ of mandamus must show an individual right to the thing asked does not apply to cases where the interest is common to the whole community. People v. Halsey, 37 N. Y. 344; People v. Daley, supra.

The next question is whether the defendant is bound to make any appointment. Even if it should be conceded that the defendant, by his action under section 383 of the charter, created temporarily a position which was just as much a public position as if it had been created by an express act of the legislature, it does not follow that a necessity for filling the position has continued to exist. On the contrary, the fact appears by the answering affidavits, and must be taken as established, that the defendant and Mr. Redfield have assumed and are fulfilling the duties and requirements of the position. Moreover, it does not affirmatively appear that any provision has been made therefor by the board of estimate and apportionment, according to section 383, and by "provision" is evidently meant means of payment of salary. Besides, I am inclined to apply hereto the language of the section that the president is only required to appoint such subordinates "as he may deem necessary." He has stated in his affidavit that no present necessity exists for filling the office, and that no public interest is suffering by his omission to appoint. Certainly there is nothing to contradict his statement on this subject.

The learned justices at special term exercised a wise discretion in denying the motions for peremptory writs of mandamus, and the orders should be affirmed, with costs. All concur.