State ex rel. Burg v. City of Albuquerque et al., 31 N. M. 576

[No. 2861.   June 18, 1926.   Rehearing Denied Aug. 11,. 1926.]

## STATE ex rel. BURG v. CITY OF ALBUQUERQUE et al.

[249 Pac. 242.]

### SYLLABUS BY THE COURT

1   A judgment of dismissal, erroneously entered, appearing in the record proper, is inherently and fatally defective, and may be contested in the Supreme Court without formal exception.

2   (a)  The "alternative writ of mandamus" is the initial pleading when granted, and the application becomes functus officio.

(b)   An alternative writ of mandamus should itself contain allegations of all necessary facts necessary to authorize the relief sought.

(c)   The legal sufficiency of an alternative writ of mandamus is properly raised by answer.

3   The mere statement in a writ of mandamus that a copy of the application is attached does not make the allegations of fact in such application a part of the writ.

4   The allegations of fact in an application for an alternative writ of mandamus are no part of the writ, and ordinarily cannot be so considered in determining its legal sufficiency.

5   The question of the legal sufficiency of an alternative writ of mandamus, raised by the answer and sustained, authorizes the dismissal of the cause in absence of a request to amend the writ.

6   (a)   Where the respondent in a mandamus proceeding answers the allegations of fact in the application, treating them as though contained in the alternative writ; such allegations of fact should be treated by the trial court as supplementing those contained in the writ.

[1]  3CJ p. 939 n. 19.  [2]  38CJ p. 872 n. 61; p. 901 n. 99 New; p. 909 n. 58.  [3]  38CJ p. 867 n. 99, 1.  [4]  38CJ p. 867 n. 99.  [5]  38CJ p. 918 n. 11.  [6]  38CJ p. 906 n. 91, 93. [7]  38CJ p. 865 n. 77.  [8]  38CJ p. 866 n. 88, 90; 31Cyc p. 48 n. 61.  [9]  38CJ p. 840 n. 33; p. 841 n. 36.  [10]  38CJ p. 870 n. 47; 31Cyc p. 289 n. 60; p. 290 n. 62, 63; p. 644 n. 68; p. 650 n. 33, 37.  [11]  20CJ p. 59 n. 23 New; 30Cyc p. 1388 n. 9; p. 1389 n. 13.  [12]  38CJ p. 904 n. 48; p. 905 n. 55. [13]  23CJ p. 91 n. 47, 48; p. 92 n. 49.     [14]  3CJ p. 689 n. 41; p. 1330 n. 44; 4CJ p. 642 n. 22; p. 643 n. 24; p. 1068 n. 16, 17, 22; p. 1069 n. 23. [15] 12CJ p. 786 n. 64, 72.  [16] 12CJ p. 760 n. 57; p. 763 n. 68.  [17]  2CJ p. 1322 n. 1 1-2; p. 1323 n. 15.  [18]  2CJ p. 1323 n. 19, 20; p. 1325 n. 49.

JANUARY TERM, 1926        577

State ex rel. Burg v. City of Albuquerque et al., 31 N. M. 576

7' Allegations of fact in mandamus proceeding should be pleaded with the same certainty, no more. nor no less, as in ordinary actions.

8 Where allegations of fact in a pleading point unerringly to other facts not specifically pleaded, such pleading is not vulnerable to a general demurrer on account of a failure to specifically plead the latter facts.

9 It is the general rule that "mandamus" may issue to enforce the performance of a public duty by public officers not due to the government itself as such, upon application of any citizen whose rights are affected in common with those of the general public.

10 (a) See instances in this case in which a pleading is sufficient to withstand a general demurrer based upon the ground that its allegations are "conclusions of law."

(b) A complaint will not be held insufficient on general demurrer, unless there is a failure to allege some matter essential to relief, and will not be held insufficient because the allegations are indefinite, incomplete, or ordinarily because they state conclusions. The remedy is a motion to make more definite and certain.

11 The word "people," used in a city charter, providing for the submission of a question to a vote of "the people" of the city, means the qualified voters of such city.

12 As a matter of practice, the trial court should treat legal exceptions to an alternative writ of mandamus made in the answer as a demurrer would be treated in ordinary actions, giving the same opportunity to amend upon the writ being held insufficient in law.

## On Motion for Rehearing.

13 The courts of this state will take judicial notice of public acts of the state Legislature creating, chartering, and conferring powers upon municipal corporations, and of all general laws relating thereto, but not of the fact of incorporation of any. particular city under such laws, in the absence of statute requiring it.

14 Ordinarily this court will not review a question not raised in the court below, or presented to the Supreme Court by assignment of error, or one not argued or presented in the briefs of the parties, or a new and original question raised on motion for rehearing, except in a case where the judgment of the district court is inherently and fundamentally erroneous.

15 Constitutional questions, not raised in the regular and orderly predecure in the trial, are ordinarily rejected unless the jurisdiction of the court below, or that of the appellate court, is involved; in which case it may be raised at any time, or on the court's own motion.

16 Only persons claiming to be adversely affected by

an act of the Legislature or charter of a city are authorized to question its constitutionality.

17 The function of amicus curiae is to call the court's attention to the facts or situations that may have escaped consideration. He is not a party and cannot assume the functions of a party. He must accept the case before the court with the issues made by the parties.

18 Where the constitutionality of a provision in a city charter is not contested by an authorized person, and the jurisdiction of the court is not involved, the Supreme Court will not raise the question on its own account, and amici curiae have no authority to do so.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Proceeding by the State, on the relation of John Baron Burg, for mandamus to be directed to the City of Albuquerque and its commissioners. Judgment dismissing the action and quashing an alternative writ, and the realtor brings error. Reversed and remanded.

See, also, 30 N. M. 424, 234 P. 1012.

## Statement of Facts

The plaintiff in error filed a verified application in the district court of Bernalillo county for a writ of mandamus against the city of Albuquerque and its commissioners, to require such commissioners to submit for adoption or rejection by the qualified voters of the city a certain ordinance granting a franchise to the Albuquerque Gas & Electric Company; such referendum being requested by petitions as provided by a provision of the city charter of the city of Albuquerque. Upon such application, an alternative writ of mandamus was issued, but failed to meet the requirements of section 3415, Code of 1915, in that it did not state facts showing the obligation of the defendants to perform the act which they were commanded to do. A pleading, entitled, "Answer and Return to Alternative Writ," was filed by the city and its commissioners, setting up both allegations of law and of fact, as reasons for not complying with such mandate. The con-

State ex rel. Burg v. City of Albuquerque et al., 31 N. M. 576

tents of this answer will appear more fully in the opionion.

Upon hearing, the district court dismissed the proceeding and quashed the writ because the writ failed to state a cause of action. Upon motion of the defendants in error, the bill of exceptions was stricken by this court, leaving only the record proper for consideation. The sole question to be determined is whether or not the court erred in dismissing the action and quashing the writ.

The parties will be referred to as relator and respondents, as they appeared in the district court.

John Baron Burg, Rodey & Rodey, and J. Lewis Clark, all of Albuquerque, for plaintiff in error.

H. B. Jamison, of Albuquerque, for defendants in error.

### OPINION OF THE COURT

BRICE, District Judge (after stating the facts as above). [1] 1. The first assignment of error sufficiently raises the question of whether or not the court erred in dismissing the case upon the grounds stated in the order of dismissal. It was not necessary for the relator to take any exception to the action of the court in dismissing said cause; for, if the court erred by such action, its judgment was inherently and fatally defective, appearing upon the face of the record proper, and may be contested by writ of error or appeal without an exception. Baca v. Perea, 25 N. M. 442, 184 P. 482; Barnes v. Scott, 29 Fla. 285, 11 So. 48; Platteter v. Lumber Co., 149 Wis. 186, 135 N. W. 535; Long v. Billings et al., 7 Wash. 267, 34 P. 936.

[2] 2. The alternative writ does not contain any allegations of fact showing the obligation of respondents to perform the act they were commanded in it to perform as required by the statute, and in that regard lacked allegations sufficient to state a cause of action. Upon granting of the alternative writ, the application is functus officio, and the alternative becomes the initial pleading in the case and should state a cause of

580        SUPREME COURT OF NEW MEXICO

State ex rel. Burg v. City of Albuquerque et al., 31 N. M. 576

action within itself.   18 R. C. L. p. 294; Crawford v.
District School Board, 68 Or. 388, 137 P. 217, 50 L. R.
A. (N. S.) 147 Ann. Cas. 1915C, 477. The question of its
sufficiency in that regard was properly raised in the
answer.

"The answer to an alternative wirt of mandamus under
our statutes may assign any legal reasons upon which
respondent relies to defeat the issuance of the peremptory
writ as well as plead the facts, if any exists, on which he
relies to defeat the issuance of the same."        State ex rel.
Garcia v. Board of Co. Com'rs, 21 N. M. 632, 157 P. 656;
Beadles v. Fry, 15 Okl. 428, 82 P. 1041, 2 L. R. A. (N. S.)
855.

[3]    3. Statements in the writ, making reference to
a copy of the application as being annexed, were insuf-
ficient to incorporate the allegations of fact in the
application as part of the writ.   There was no reference
made except it was stated that a copy of such applica-
tion was annexed.   This did not make its allegations of
fact a part of the writ, even if such allegations could
by proper reference be so made.

[4]    4. The relator cites Wampler v. State of Indi-
ana ex rel. Alexander, 148 Ind. 557, 47 N. E. 1068, 38
L. R. A. 829, to the effect that the alternative writ of
mandamus may be supplemented by the facts stated in
the application in determing whether it is sufficient to
withstand a demurrer.   This authority supports such
contention, but the statement of that court in the opin-
ion shows that this practice is local, and by reason of
long recognition by the courts apparently it was not
thought best to change it.   It is not the law of any other
jurisdiction, that we can discover, where the writ is
held to be the initial pleading after its issuance.

[5]    5. The respondents filed an answer raising the
questions of the legal sufficiency of the writ and the
application, also answering the allegations of fact in
the application as though they were incorporated in
the writ.   Paragraphs 1 and 2 of the answer are in the
nature of general demurrers, and, standing alone,
should have been sustained by the district court and
would have authorized a dismissal unless an amend-

JANUARY TERM, 1926          581

State ex rel. Burg v. City of Albuquerque et al., 31 N. M. 576

ment upon request had been allowed. Such request does not appear upon the record proper.

[**6**]   6. Had the respondents stopped here, or had they confined their answer to matters of fact alleged in the writ, there could be no question but that the ruling of the district court in dismissing the action was correct. But, after properly raising the questions of law 's to the sufficiency of the writ, respondents followed same by paragraph 3, in which they attack the allegations in the application as failing to state a cause of action, and follow this by paragraph 4, beginning as follows:

"And for a further return to said alternative writ, and not waving any questions heretofore presented, and protesting that the allegations of the said petition for the writ are not allegations in the writ, yet further pleading in answer in obedience to the order of this court," etc.

Then follows a full and complete answer to the matters of fact set out in the application for the writ; first, by a denial of paragraphs 4, 5, 6, and 7, and, following this, by an answer beginning, "And for further answer and return to the writ and by way of new matter," etc. Then follows an answer in confession and avoidance of the allegations of fact set out in the application, as though they appeared in the writ.

The question now is whether or not, by this character of pleading, the respondents did not thus incorporate into the writ the allegations of fact contained in the application. They cannot protest that this act was not intended to waive certain rights when in fact it did, as a matter of law, waive them. The statute provides that pleadings in mandamus—

"shall be construed and amended in the same manner as pleadings in a civil action, and the issues thereby joined shall be tried and further proceedings had in the same manner as in a civil action." Section 3420, Code of 1915.

Defects in pleadings can be waived or supplied in the same manner as in ordinary civil actions. It has been held by the Supreme Courts of Missouri and Pennsylvania that the writ itself can be waived if the part-

ies, by their acts or agreement, treat the application as a writ. In a case where the respondent demurred to the application, and the parties by agreement waived the issuance of the writ, the Supreme Court of Missouri said:

"The regular course of procedure would have been to let the alternative writ issue and raise the questions arising on its face by a motion to quash, but, as both sides have preferred to present the issues in this form, we will so consider them." State ex rel. St. Louis, etc. Co. v. Cook, 171 Mo. 348, 71 S. W. 829.

It is held in State v. Gordon, 223 Mo. 1, 122 S. W. 1008, that, where an application for a writ of mandamus has been filed and the respondent appears and demurs, such application will be treated as an alternative writ unless objection is made. To the same effect is State ex rel. Muns et al. v. Hackmann, 283 Mo. 469, 223 S. W. 575. Where respondent agreed to regard the application and the order of court as the alternative writ, it was held by the Supreme Court of Pennsylvania he was bound by such agreement, though otherwise his objections to the proceedings were well taken. Kuhbach v. Irving Glass Co., 220 Pa. 427, 69 A. 981, 20 L. R. A. (N. S.) 185.

The only allegations of fact against which this answer can be directed are those contained in the application; and they are treated by the respondents as though they were contained in the writ. The answer must be considered as a whole. Paragraphs 1 and 2 thereof, raising the legal sufficiency of the writ, should have been considered by the court in the light of the attitude of the respondents, in treating the writ as containing the allegations of fact in the application, which, though no part of a pleading that should have been answered, yet are made such by respondents tendering an issue thereon in their answer to the writ.

[7] 7. The more difficult question is whether or not there are sufficient allegations of fact, as distinguished from conclusions of law, that would authorize the issuance of a peremptory writ. Allegations in man-

JANUARY TERM, 1926        583

State ex rel. Burg v. City of Albuquerque et al., 31 N. M. 576

damus proceedings are to be made as in ordinary actions. The facts should be pleaded with the same certainty, neither more nor less. Code 1915, § 3420; 38 C. J. title "Mandamus," § 580. The allegations in the writ, supplemented by those in the application, are certainly indefinite and contain numerous conclusions of law, and no doubt are subject to a motion to make more definite and certain. But we have concluded that, aided by the answer, they are sufficient to withstand a motion to dismiss.

"The alternative writ shall state concisely the facts showing the obligation of the defendant to perform the act, and his omission to perform it, and command him," etc. Code of 1915, § 3415.

[8] The objections made to the legal sufficiency of the writ, and urged by respondents, are disposed of as follows:

It was not necessary to allege specifically that the city of Albuquerque had elected to be governed by the terms of chapter 121 of the Session Laws of 1919; it being made clear that the charter of the city of Albuquerque contained the referendum provision which was quoted in the application, as follows:

"No act, ordinance or resolution or order of the governing body of the city shall, unless it be declared an emergency measure on the ground of urgent public need, go into effect until thirty days after its passage. If at any time within the thirty days, a petition signed by twenty per cent. of the qualified voters is presented to the governing body, asking that the measure in question be submitted to a vote of the people for adoption or rejection, said measure shall not go into effect until an election shall have been held as petitioned. It shall be the duty of the governing body of the city to provide for such election within thirty days of the filing of the petition."

The fact that the city has adopted the terms of the act in question is necessarily inferred from the fact that such povision is a part of the city's charter. There is no law in New Mexico by which cities may adopt the commission form of government, with a charter containing the referendum provision quoted, except under said act of 1919. The answer of the city and its com-

missioners admits the city's existence as a municipality and under the commission form of city government, and that the respondents named are its commissioners. These allegations point unerringly to the fact that the city was organized under the said act of 1919, if such allegations are necessary.

The allegation that the petition contained more than 20 per cent of the names of the qualified voters of the city of Albuquerque was a statement of an ultimate fact and not a conclusion of law; and it was not necessary to plead the evidentiary facts required to prove it. Likewise the allegation that the petitioners were qualified voters of the city of Albuquerque is sufficient to show they are authorized to petition for the election.

The alleged charter provision quoted limits the time within which to present such petition for referendum to thirty days after the passage of the ordinance. Relator alleged, after quoting the charter provision in full. that, "within the time thus limited in said statute and said city charter, this relator presented to said city and its governing body, a petition," etc., referring back to the charter provision containing the thirty days' limitation. This is not a conclusion of law but a statement of facts.

[9]    9. The laws of New Mexico provide:

"The writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. It shall issue on the information of the party beneficially interested." Code of 1915, § 3414.

While there are exceptions, it is the general rule that mandamus may be issued to enforce the performance of a public duty by public officers, upon application of any citizen whose rights are affected in common with those of the public. Such person is "beneficially interested" in the enforcement of the laws.

"In this country there has been diversity of decision upon the question whether private persons can sue out the writ to enforce the performance of a public duty, unless the nonperformance of it works to them a special injury; and in several of the states it has been decided that they

cannot. ＊ ＊ ＊ There is, we think, a decided prepon-derance of American authority in favor of the doctrine that private persons may move for a mandamus to enforce a public duty, not due to the government as such, without the intervention of government law officers." Union Pac. R.R. Co. v. Hall, 91 U. S. 343, 23 L. Ed. 428.

The Supreme Court of North Dakota, in passing upon the exact question involved, well expresses the views of this court in the following language:

"We think it will be proper to add, with a view to settling a very embarassing and much controverted question of practice, that in cases where the state, as such, is directly interested as a party, the Attorney General should apply for the writ, or in some manner signify his assent to the proceeding; but on the other hand, where the controversy does not concern the state, as such, but does concern a large class of citizens in common, as, for example, the citizens and taxpayers of a particular county, town, city or district, the required affidavit may properly be made by any citizen of the locality affected. In the class of cases last referred to, any citizen of the locality affected is, in our opinion, 'beneficially interested' within the meaning of section 5518, Comp. Laws 1887. It follows that, in this class of cases, the writ may be invoked by any citizen without the concurrence of any officer. ＊ ＊ ＊ Where the right sought to be secured by the writ is private only, the relator must, of course, show that his individual interest is affected in some way peculiar to himself." State ex rel. Hail Ass'n v. Carey, Insurance Com'r, 2 N. D. 36, 49 N. W. 165.

To like effect are State ex rel. Trauger v. Nash, Governor, 66 Ohio St. 612, 64 N. E. 558; People v. Daley, 37 Hun (N. Y.) 461; People ex rel. Kay v. Swanstrom, President, etc., 79 App. Div. 94, 79 N. Y. S. 934; In re Wheeler, 62 Misc. Rep. 37, 115 N. Y. S. 605; People v. Colorado Cent. R. R. Co. (C. C.) 42 F. 638; State ex rel. Gillilan et al. v. Home Ry. Co., 43 Neb. 830, 62 N. W. 225; State ex rel. Currie et al. v. Weld, County Auditor, 39 Minn. 426, 40 N. W. 561; State ex rel. Elmendorf et al. v. San Antonio St. Ry. Co., 10 Tex. Civ. App. 12, 30 S. W. 266; Attorney General v. Boston, 123 Mass. 460; Pumphrey v. Mayor, etc., of Baltimore, 47 Md. 145, 28 Am. Rep. 446; State ex rel. Taylor v. Lord et al., 28 Or. 498, 43 P. 471, 31 L. R. A. 473; Wampler v. State ex rel. Alexander, 148 Ind. 557, 47 N. E. 1068, 38 L. R. A. 829; Florida, etc. Ry Co. v. State, 31 Fla. 482, 13 So. 103, 20 L. R. A. 419, 34 Am. St. Rep. 30; People ex rel. Jackson

v: Suburban R. R. Co., 178 Ill. 594, 53 N. E. 349, 49 L. R. A. 650; 18 R. C. L. title "Mandamus," §§ 273, 274; High's Extraordinary Legal Remedies, "Mandamus," § 431; McQuillen on Municipal Corporations, § 284; Dillon on Municipal Corporations. (5th Ed.) § 1527. .

The opposite view was held by the California courts until recently. Ellis et al. v. Workman, City Treas., 144 Cal. 113, 77 P. 822, and Ashe v. Board of Supervisors, 71 Cal. 236, 16 P. 783. But in the case of Conn v. City Council of the City of Richmond, 17 Cal. App. 705, 121 P. 714, 719, the court referred to the earlier decisions and stated that by subsequent decisions the Supreme Court of California had adopted the general rule, which we follow.

|10| 10. It is alleged that the relator is a citizen of the United States, of the state of New Mexico, and of Bernalillo county, and a resident of the City of Albuquerque, also, in substance, that the relator is one of the people of Albuquerque entitled to "a remedy by referendum provided by the statute and by section 2 of article 3 of the duly adopted City Charter of said city. * * *"

A resident may or may not have such beneficial interest in the enforcement of a public duty by public officers as will entitle him to bring this character of action, and such allegation, standing alone, may not imply that degree of identification with the citizenship of the community that would give the right. The relator might have been a temporary resident of the city of Albuquerque at the time of the bringing of the action and with his legal domicile at some other place in Bernalillo county. We find it unnecessary to decide whether this is a sufficient allegation. But the allegation that relator is one of the people of the city entitled to the remedy of referendum as provided by the charter of the city sufficiently alleges that he is a citizen of Albuquerque and entitled to vote upon the question. It is true that a portion of these allegations are conclu-

sions of law, but such allegations are sufficient to withstand a general demurrer.

In testing the sufficiency of the writ, as aided by the answer, to state a cause of action, we should not overlook the established rule that a complaint is to be held good unless there is failure to allege some matter essential to the relief. It is not to be held insufficient because of incompleteness or indefiniteness of its allegations or because it states conclusions. Michelet v. Cole, 20 N. M. 357, 149 P. 310; Maddison v. Bryan, 31 N. M. 404, 247 P. 275. This rule would seem especially appropriate in mandamus, which is designed to afford a summary and speedy remedy. State ex rel. Garcia v. Board of Commissioners, 21 N. M. 632, 157 P. 656.

[11] 11. The word "people," used in the alleged city charter, has reference to the qualified voters of the city. People v. Counts, 89 Cal. 15, 26 P. 612; Beverly v. Sabin, 20 Ill. 357; Bryan v. City of Lincoln, 50 Nebr. 620, 70 N. W. 252, 35 L. R. A. 752; Boyd v. Nebraska, 143 U. S. 135, 12 S. Ct. 375, 36 L. Ed. 103.

[12] 12. We think it is alleged, inferentially at least (38 C. J. title "Mandamus," § 581) that relator was a citizen of the city of Albuquerque, and this is a sufficient allegation of beneficial interest.

While the pleadings are not satisfactory and are indefinite in many particulars, they are not vulnerable to a motion to dismiss. It should be stated that, as a matter of practice, the trial court should treat legal exceptions to a writ of mandamus (which, under the statute, must be made by answer) as a demurrer would be treated in ordinary actions, giving the same opportunity to amend upon the writ being held insufficient in law.

This disposes of all questions raised in the briefs of the parties, and it follows that the case should be reversed and remanded for further proceedings not inconsistent with this opinion, and it is so ordered.

BICKLEY and WATSON, JJ., concur.

## On Motion for Rehearing.

BRICE, District Judge.   A petition for rehearnig has been filed upon the ground in substance that there is no law in New Mexico by. which cities may adopt a charter containing the referendum provision quoted in our opinion, except chapter 121, Laws of 1919; whereas in fact the city of Albuquerque was organized and existed as a municipal corporation during all the times of the controversy in question, under chapter 86, Laws of 1917, of which this court should take judicial notice, that according to the opinion of the court in this case, there is no authority for such referendum.

It was said, in substance, in our opinion in this case, that the fact that the city of Albuquerque had elected to be governed by the terms of chapter 121, Session Laws of 1919, was necessarily inferred from the allegation that the referendum provision quoted in said opinion was a part of the city's charter; that there was no ·law in New Mexico by which cities may adopt the commission form of government with a charter containing the referendum provision quoted, except said act of 1919.

This statement, it is contended, was a determination that the present charter of the city of Albuquerque (if adopted under chapter 86, Laws of 1917, as stated by appellees in their brief) could not legally contain such referendum provision—a conclusion that we find unnecessary to reach in deciding the issues made, and one we did not intend to, and do not, announce.

[13]   The courts of this state will take judicial notice of public acts of the state Legislature creating, chartering, and conferring powers upon municipal corporations, and of all general laws relating thereto.   It will not take judicial notice of the fact of incorporation of a partciular city under such laws in the absence of a statute requiring it; and this is necessarily true where, as in New Mexico, there are several acts under which a city may be incorporated. 23 C. J. "Evidence,"

JANUARY TERM, 1926        589

State ex rel. Burg v. City of Albuquerque et al., 31 N. M. 576

§ 1882; City of Hopkins v. Railroad Co., 79 Mo. 98, 1 Jones on Evidence, § 115; Birnie v. La Grande, 78 Or. 531, 153 P. 415, 1 McQuillen on Corporations, § 155; Doyle v. Village of Bradford, 90 Ill. 416; Hambleton v. Town of Dexter, 89 Mo. 188, 1 S. W. 234. In Missouri and some other states statutes requiring the courts to take judicial notice of the organization of all cities have been enacted, since which a different rule applies there. Jackson v. Railroad Co., 157 Mo. 621, 58 S. W. 32, 80 Am. St. Rep. 650. This court will not take judicial notice of the fact that the city of Albuquerque was organized under any particular one of the several acts under which it could be chartered.

It has heretofore been determined by this court (City of Albuquerque v. Water Supply Co., 24 N. M. 368, 174 P. 217, 5 A. L. R. 519) that whether chapter 86, Session Laws of 1917, is or is not constitutional, the city was at least a de facto corporation, and that its existence as such could only be questioned by the state in a direct proceeding instituted by the Attorney General for that purpose; and until such adjudication, all acts done and contracts made by such defacto municipality were valid and binding upon it and the property within its limits as though its officer were de jure officers of a de jure corporation. It is immaterial whether or not the city was organized under chapter 121 of the Session Laws of 1919 or chapter 86 of the Session Laws of 1917, if the charter contained the referendum provision quoted. The material fact is that the city's charter does contain such provision and this fact is sufficiently alleged, provided such referendum is constitutional and operative.

Messrs. Hanna and Wilson, attorneys of this court, have been permitted to file a brief as amici curiae. They have advanced the proposition that the referendum provision alleged to be a part of the city charter of the city of Albuquerque violates the Constitution of this state in that the people of Albuquerque have usurped to themselves legislative authority that belongs alone to the Legislature of the state. It is claimed that, even

590      SUPREME COURT OF NEW MEXICO

State ex rel. Burg v. City of Albuquerque et al., 31 N. M. 576

admitting chapter 86, Session Laws of 1917, constitutional, yet the general authority authorizing the city to create its own form of government was necessarily limited by the Constitution, which is violated by the adoption of the referendum provision, purely legislative in its nature, and which therefore could be exercised only by the Legislature itself, or at most by specific legislative authority. This question has not been raised by any party to this action, either in the court below or in the Supreme Court. It is not mentioned in the briefs of either of the parties, in the assignments of error, nor in the motion for rehearing.

[**14**]   Ordinarily this court will not review a question not raised in the court below (State v. Ellison, 19 N. M. 428, 144 P. 10), or presented to the Supreme Court by assignment of error (Weggs et al. v. Kreugel et al., 28 N. M. 24, 205 P. 730) ; or one not argued or presented in the briefs of the parties (Hawkins v. Berlin, 27 N. M. 164, 201 P. 108; Armstrong v. Concklin, 27 N. M. 550, 202 P. 985), or a new and original question raised on motion for a rehearing (Ellis v. Citizens' Nat. Bank, 25 N. M. 319, 193 P. 34, 6 A. L. R. 166), except in a case where the judgment of the district court is inherently and fundamentally erroneous (Baca v. Perea, 25 N. M. 443, 184 P. 482; Crawford v. Dillard, 26 N. M. 291, 191 P. 513).

[**15**]   Constitutional questions, not raised in the regular and orderly procedure in the trial, are ordinarily rejected (12 C. J. 786), unless the jurisdiction of the court below or that of the appellate court is involved, in which case it may be raised at any time or on the courts own motion. State v. Burke, 175 Ala. 561, 57 So. 870.

[**16, 17**]   Only persons claiming to be adversely affected are authorized to question the constitutionality of an act (Asplund v. Alarid, etc., 29 N. M. 129, 219 P. 786, 6 R. C. L. "Constitutional Law," § 87), and particularly is this true of amicus curiae whose author-

ity is to call the court's attention to facts or situations that may have escaped consideration. He is not a party and cannot assume the functions of a party. He must accept the case before the court with the issues made by the parties. In re McClellan's Estate v. State, 27 S. Dak. 109, 129 N. W. 1037, Ann. Cas. 1913C, 1029; Farmers', etc., Co. et al. v. Rio Grande Canal Co. et al., 37 Colo. 512, 86 P. 1042; New York Life Ins. Co. v. Hardison, 199 Mass. 190, 85 N. E. 410, 127 Am. St. Rep. 478.

[**18**]   The constitutionality of the provision in question is not contested by an authorized person, and jurisdiction of the court is not involved. Cram v. Ry. Co., 85 Neb. 586, 123 N. W. 1045, 26 L. R. A. (N. S.) 1028, 19 Ann. Cas. 170, and note at page 175; 12 C. J. ''Constitutional Law,'' § 217. Under these circumstances, this court will not raise the question on its own account, and amici curiae have no authority to do so. Upon another trial, pleadings may be amended and new issues made if the parties are so advised.

Finding no reason to change our former conclusion, we adhere thereto. The motion for rehearing is denied, and it is so ordered.

BICKLEY and WATSON, JJ., concur.