UNITED STATES *v.* F. M. JABARA & BROS. (No. 3398)[1]

[1] T. D. 44899.

United States Court of Customs and Patent Appeals, April 29, 1931

*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.
*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.
*B. A. Levett, amicus curiae.*

[Oral argument April 1, 1931, by Mr. Lawrence and Mr. Isenschmid]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal by the United States from a judgment of the United States Customs Court which sustained an alternative claim in the protest of appellee.

The merchandise involved was entered at the port of New York and consists of filet lace articles.

At the trial of the case in the court below a sample of the merchandise invoiced as "Ecru Filet Square cover" was admitted in evidence, and it was then stipulated between counsel that said exhibit is representative of all the merchandise on the invoice and that it differs only in size and design.

The merchandise was classified by the collector and assessed for duty as "articles of lace or net, or, in part of lace or net," at 90 per centum ad valorem under paragraph 1430 of the Tariff Act of 1922.

The lower court held the merchandise to be properly dutiable at the rate of 40 per centum ad valorem under paragraph 921 of said tariff act as claimed by appellee. Judgment was entered accordingly, and from such judgment this appeal is taken.

The competing provisions of the two paragraphs involved read as follows:

PAR. 1430. Laces, * * * nets and nettings, embroidered or otherwise, * * * and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished * * * by whatever name known and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed

wholly or in chief value of yarns, threads, filaments, * * * 90 per centum ad valorem; * * *

PAR. 921. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for, 40 per centum ad valorem.

It is conceded that the merchandise here involved consists of lace articles. The issue before us is whether lace articles are included in the provisions of said paragraph 1430. If the answer to this question be in the affirmative it disposes of the case, and the judgment of the court below must be reversed.

The lower court in its opinion said:

After a careful consideration of the entire record in this case, for the reasons stated and on the authorities cited, we hold that the provision for "laces," contained in paragraph 1430 of the Tariff Act of 1922, is not sufficiently broad and comprehensive to cover the "lace articles" in question.

The Government contends that this issue was decided by this court in the case of *United States* v. *Max Littwitz (Inc.)*, 18 C. C. P. A. (Customs) 34, T. D. 44588, and that it has become *stare decisis.*

It should be stated that the decision of the lower court in the case at bar was rendered before our decision in said *Littwitz* case.

We are clear that the merchandise involved in said case was of the same character, in a tariff sense, as the merchandise here involved. In the *Littwitz* case the character of the merchandise, it appears from the opinion, was stipulated as follows:

It is hereby stipulated and agreed between counsel that items invoiced as Quality No. 166031 and 165625 "Pt. de Paris doylies 6" and item Quality No. 166045 "Pt. de Paris sheet frames" consist of hand-made real lace articles. The articles are made by hand with bobbins directly from cotton thread into completed articles, and are not cut or made from a lace previously fabricated. Both articles are used in the condition as imported. The doilies are used on tables, dressers, etc., and the sheet frames are used to attach to bed sheets.

The same issue was involved in said case as is here presented. We there held, in effect, that lace articles are included in the provisions of said paragraph 1430. All of the questions ably presented by appellee's counsel here were presented and considered by us in said case, including the legislative history relied upon by appellee, and we find no reason to change our conclusion there reached.

As the issue here involved was fully discussed by this court in the opinion in said case, it is unnecessary here to repeat the reasons for our conclusion.

When this case was orally argued before us, Mr. B. A. Levett, an attorney of this court, was given leave to file within 10 days a brief as *amicus curiae.*

This brief has been filed and has been considered by us. The brief, in addition to arguing the question involved in the *Littwitz* case and in the case at bar, as heretofore decided, raises a new ques-

tion not presented to the court below, or raised in any assignment of error, or argued or referred to by the respective counsel for appellant or appellee—namely, that the testimony of the Government, while failing to establish commercial designation of lace articles as *included* in the word "laces," affirmatively establishes that, commercially, lace articles are *excluded* from the term "laces."

It has been held that an *amicus curiae* is one who gives information to the court on some matter of *law* in respect to which the court is doubtful, or upon a matter of which the court may take judicial cognizance; that he is not a party to the suit, has no control over it, and must accept the case before the court with the issues made by the parties. *The Claveresk*, 264 Fed. 276; *In re Perry*, 83 Ind. Appls. 456, 148 N. E. 163; *State v Albuquerque*, 31 N. M. 576, 249 P. 242.
Whether by commercial designation lace articles are *excluded* from the term "laces" is a question of fact and not of law. It was not presented to the lower court so far as appears from the record and was not presented here, either in the briefs or in the oral arguments of the respective parties.

For the reasons stated, said contention of the *amicus curiae* will not be considered by us.

The judgment of the United States Customs Court is *reversed*.

GARRETT, J., dissents.

BLAND, J., concurs in the conclusion.