This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39815**

**MOONGATE WATER COMPANY, INC.,**

Petitioner-Appellant,

v.

**JOHN D'ANTONIO, New Mexico State Engineer,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

Jennings Haug Keleher McLeod LLP
Thomas C. Bird
Cassandra R. Malone
Albuquerque, NM

Law & Resources Planning Associates
Charles T. DuMars
Tanya T. Scott
Albuquerque, NM

for Appellant

Office of the State Engineer
A. Nathaniel Chakeres, Special Assistant Attorney General
L. Christopher Lindeen, Special Assistant Attorney General
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

{1}     Petitioner appeals from the district court's order denying its request for a permanent alternative writ of mandamus and dismissing the action. In this Court's notice of proposed disposition, we proposed to summarily affirm. Petitioner filed a memorandum in opposition and Respondent filed a memorandum in support, both of which this Court has duly considered. Remaining unpersuaded, we affirm.

{2}     Petitioner's memorandum in opposition begins by arguing that this Court overlooked its contention, apparently incorporated within Petitioner's Issue A, that Respondent's default in failing to file an answer contesting the factual allegations outlined in the petition amounted to an admission of the truth of the petition and warranted making the writ permanent. [MIO 2-6] Petitioner alternatively moves to amend its docketing statement to add this issue. [MIO 2]

{3}     Although Petitioner did provide some facts and a citation to authority related to its claim of procedural default, the contention was not clearly raised as an issue in the docketing statement. Instead, Petitioner's Issue A was that the district court erred "in declining to enter a permanent writ of mandamus, in light of the contractual recognition in the LRG-6808 Settlement Agreement that all of the requirements imposed by [NMSA 1978] Section 72-12-3(E) [(2019)] were satisfied[.]" [DS 11-2] This issue, directed to the substance of the district court's order, is separate from the issue of whether the district court should have issued a permanent writ of mandamus due to a procedural default. We therefore construe Petitioner's procedural default claim as a motion to amend the docketing statement to add that issue.

{4}     In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria that establishes good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to a showing of good cause are that (1) the motion to amend must be timely, and (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See Moore*, 1989-NMCA-073, ¶ 42. We deny Petitioner's motion to amend as nonviable.

{5}     The alternative writ of mandamus in this case recited the following:

        1.      Respondent shall forthwith comply with your mandatory, nondiscretionary duty under NMSA 1978, [Section] 72-12-3(E) and

                A.      Issue Petitioner permits for appropriation of water identified in the LRG-6808 Settlement Agreement between Petitioner and Respondent.

B.   Process the LRG-6808 permits in a timely and legally compliant manner in the same manner as all other comparable permits.

In the alternative, Respondent shall file and serve a responsive pleading on or before the 4th day of March, 2021, showing cause why this Writ of Mandamus should not be made permanent.

[RP 49] Thus, Respondent's duty was to return the writ with a certificate of having done as commanded in Paragraph 1, as occurred in this case, or to answer the alternative writ by showing cause why he had not done so. [Id.] NMSA 1978, § 44-2-6 (1884).

**{6}**   Respondent and Petitioner interpret the Settlement Agreement differently and, therefore, disagree as to Respondent's return—specifically Respondent's compliance with Subparagraph A—of the alternative writ. However, because the writ itself fails to allege the complete factual predicate for the permits identified and required to be issued in the LRG-6808 Settlement Agreement, it may not be used to settle their contractual dispute. *See id.* (requiring the alternative writ to "state concisely the facts showing the obligation of the defendant to perform the act, and his omission to perform it"); *see also Rainaldi v. Pub. Emps. Ret. Bd.*, 1993-NMSC-028, ¶ 6, 115 N.M. 650, 857 P.2d 761 ("Mandamus is used to enforce an existing right, not to resolve material issues of fact."). Nor may the factual allegations contained within the petition be deemed admitted and read into the writ. *See Brantley Farms Carlsbad Irrigation Dist.*, 1998-NMCA-023, ¶ 20, 124 N.M. 698, 954 P.2d 763 ("The only instance in which allegations in the petition may be considered is when the respondent has answered allegations in the petition as though they had appeared in the writ."); *State ex rel. Burg v. City of Albuquerque*, 1926-NMSC-031, ¶ 6, 31 N.M. 576, 249 P. 242 ("Statements in the writ, making reference to a copy of the application as being annexed, were insufficient to incorporate the allegations of fact in the application as part of the writ. There was no reference made except it was stated that a copy of such application was annexed."); *see also Hoyt v. State*, 2015-NMCA-108, ¶ 15, 359 P.3d 147 ("At the point the writ is issued, the petition or application disappears and is replaced by the writ itself.").

**{7}**   Respondent's choice to confine his answer to the writ to the matters of fact alleged in the writ and issue a return indicating compliance therewith neither waived the defects in the alternative writ submitted by Petitioner, nor incorporated therein and deemed admitted for failure to answer the factual allegations of the petition. *See Burg*, 1926-NMSC-031, ¶¶ 6, 8-12; *cf. City of Sunland Park v. N.M. Pub. Regul. Comm'n*, 2004-NMCA-024, ¶ 8, 135 N.M. 143, 85 P.3d 267 ("[D]efects in the pleadings can be waived, and the allegations in the application may be considered, where the respondent answers the allegations as if they were set forth in the writ."). We therefore deny Petitioner's motion to amend as it does not raise a viable issue. *See Moore*, 1989-NMCA-073, ¶ 42.

**{8}**   As to the issues raised in the docketing statement and addressed in our noticed of proposed disposition, Petitioner continues to assert with regard to Issue A that its

interpretation of the Settlement Agreement is correct and there are no discretionary decisions remaining for Respondent's consideration. [MIO 6-9] Petitioner additionally clarifies that its contentions as raised in Issue B may have been unclear to this Court because the issue was raised "preemptively." [MIO 9-11] However, Petitioner has not asserted any facts, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). Petitioner's memorandum in opposition is, therefore, unavailing as to these issues.

{9}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{10}   IT IS SO ORDERED.

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**