522 P.2d 79

Fred **ALFRED** and **Junior Joe**, on behalf of themselves and all others similarly situated, Petitioners-Appellants,

v.

Honorable Franklin G. **ANDERSON**, Magistrate, Division II, San Juan Magistrate District, Respondent-Appellee.

No. 9743.

Supreme Court of New Mexico.

April 26, 1974.

Rehearing Denied May 20, 1974.

Richard W. Hughes, Shiprock, for petitioners-appellants.

No appearance for respondent-appellee.

OPINION

OMAN, Justice.

Petitioners are Navajo Indians, enrolled members of the Navajo Tribe and reside on the Navajo Reservation. They are both employed in the Navajo Mine, which is located within San Juan County, New Mexico and within the Navajo Reservation. They are employed by Utah International, Inc., a non-Navajo corporation which operates the mine.

Each Petitioner incurred an indebtedness at a place of business located off the reservation. Each failed to pay the indebtedness he incurred and was sued therefor in Division II of the Magistrate Court of San Juan County over which Respondent presides. A judgment was entered against each Petitioner and neither appealed therefrom. The judgments remained unpaid, and the judgment creditor in each case obtained from Respondent in his judicial capacity writs of garnishment directed to Petitioners' employer, Utah International Inc.

These writs were served upon the employer at the mine. The employer, pursuant to the commands of the writs, remitted to the magistrate court the sum of $71.45 on behalf of Petitioner Alfred and $77.75 on behalf of Petitioner Joe. At the time of the initiation of the proceedings now before us, the magistrate court still had in its possession the $71.45 remitted on behalf of Petitioner Alfred and $41.20 of the amount remitted on behalf of Petitioner Joe.

The proceedings now before us on this appeal were initiated by Petitioners in the District Court of San Juan County by filing a pleading entitled "Petition for Writ of Mandamus and Prohibition and Declaratory Judgment." Assuming, without deciding, that these different forms of relief could have been and properly were sought in these proceedings, we are now only concerned with the purported mandamus proceedings.

■ According to the record before us, the claim for declaratory judgment was never mentioned in the district court or the proceedings therein, except for the reference thereto in the petition. It is obvious that the district court made no findings, conclusions or orders in any way relating to Petitioners' claims for declaratory relief. Petitioners requested no findings of fact or conclusions of law upon this or any other issue, and took no exceptions to the court's findings or conclusions. The findings are in no way attacked upon this appeal as being inaccurate, incomplete or inadequate. Thus, the facts found are the only facts before us and are binding upon us and Petitioners on this appeal. Springer Corporation v. Kirkeby-Natus, 80 N.M. 206, 453 P.2d 376 (1969); Vaughan v. Wolfe, 80 N.M. 141, 452 P.2d 475 (1969); Webb v. Hamilton, 78 N.M. 647, 436 P.2d 507 (1968). Likewise, no attack is made upon the failure of the trial court to make conclusions of law concerning the claim for declaratory relief, or the court's failure to include any reference thereto in its orders, including the order from which this appeal is taken. On appeal, errors claimed must be specifically stated and argued. Petritsis v. Simpier, 82 N.M. 4, 474 P.2d 490 (1970); Irwin v. Lamar, 74 N.M. 811, 399 P.2d 400 (1964).

■ The petition for a writ of prohibition was grounded in a claimed class action, the class being "all other Indians whose places of employment are upon the Navajo Indian Reservation, and who are or might be subjected to writs of garnishment issued by Respondent Anderson." The ultimate relief sought on behalf of the class was a peremptory writ of prohibition "barring [Respondent] from giving any further writs of garnishment against Indians employed upon the Navajo reservation." In an order to show cause issued by the court and directed to Respondent, reference was made to the petition "seeking a writ of mandamus and prohibition." In one of its conclusions of law, the district court also made reference to the "writ of mandamus and prohibition prayed for." According to the record before us, except for the allegations in the petitions concerning prohibition, these were the only two references to prohibition in the proceedings in the district court. No findings relative to the class action, or otherwise pertaining to the prohibitory relief sought, were requested by Petitioners or made by the district court. Also, Petitioners have not asserted any error on the part of the trial court relative to its failure to specifically find or rule upon their alleged claim for class action relief, and they have not spe-

cifically directed any argument. thereto. For these reasons and the reasons stated above in our discussion of the claim for declaratory relief, neither of these claims are before us.

We now come to Petitioners' claim of right to a writ of mandamus commanding Respondent to return to them the said sums of $71.45 and $41.20. This claim is predicated upon their assertions that Respondent was without authority to issue the writs directed to their employer by which their wages were attached, since they were Navajo Indians, their place of employment was on the Navajo Reservation, and the business of their employer, at least insofar as this cause is concerned, was wholly located and operated upon the Navajo Reservation.

Upon the filing of the petition, the district court promptly, and apparently with the approval of Petitioners, issued an order to show cause directed to Respondent. No provision was made by the State of New Mexico to furnish counsel for Respondent, and, except for a special appearance by an Assistant District Attorney for some reason undisclosed by the record before us, Respondent was not represented at the apparently unreported hearing on the order to show cause, or at any other proceeding in the district court. The State also failed to furnish Respondent with counsel on this appeal. Consequently, only the position of Petitioners has been presented to us.

Sections 22–12–1 through 14, N.M.S.A. 1953 relate to mandamus proceedings. Section 22–12–5 expressly provides: "The writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law." Section 22–12–6 provides that the writ shall be either alternative or peremptory, and expressly recites what matters shall be contained in an alternative writ and the fact that such writ shall command the defendant, or Respondent, to perform the act required or show cause why he has not done so.

The order to show cause issued by the district court failed in almost every respect to comply with these requirements of an alternative writ of mandamus. In Laumbach v. Board of County Commissioners, 60 N.M. 226, 232, 233, 290 P.2d 1067, 1070, 1071 (1955), it was stated with reference to the order to show cause issued by the district court in that case:

"When we compare the allegations of the order in the case at bar, with those customarily found in an alternative writ of mandamus, we find every element present one would expect to find in an ordinary action of mandamus. Each mandate contained in the order commands the defendants to do some official act as a public officer, or show cause at a time and place named, why they have not done so.

" * * *.

"Once the proceeding is accepted as one in mandamus, [it clearly was so accepted by the district court in the present case] then certain well-recognized rules emerge to control the consideration of the case. A most important one is that the case must be tried on the writ and answer. The complaint itself drops out of the picture and the writ must contain allegations of all facts necessary to authorize the relief sought. State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242. Furthermore, allegations in the writ should be made as in ordinary actions. Hence, the usual rules applicable in testing the sufficiency of a complaint in an ordinary civil action apply. The facts should be pleaded with the same certainty, neither more nor less. State ex rel. Burg v. City of Albuquerque, supra."

These procedures, required by the above cited statutes and the Laumbach case, were not followed. No writ ever issued, and the order to show cause did not even closely approximate the requirements of a writ. None of the ordinary elements expected and required to be in a writ were found in the order. No issues were raised or

presented at trial in the required manner, and, consequently, could not have been tested as to sufficiency according to ordinary rules of pleading.

The district court did recite in its order that "a copy of which petition [the one filed by Petitioners] is attached hereto." However, this procedure has been held to be inadequate to make the allegations of fact in the petition a part of the writ. State ex rel. Burg v. City of Albuquerque, et al., 31 N.M. 576, 249 P. 242 (1926).

■ We must conclude that no appeal from a writ or order properly entered in a mandamus proceeding is before us. The proceeding in the district court began as one in mandamus, but immediately departed therefrom and never returned thereto. Thus we must dismiss the appeal.

■ However, we also dismiss the appeal on the further ground that mandamus was not a proper remedy, since Petitioners had a plain, speedy and adequate remedy at law, to wit, an appeal from the order of Respondent denying their motion to quash the writs of garnishment. This order is not included in the record before us on this appeal, but reference is made thereto by Petitioners in their petition filed in the district court. There is nothing before us to suggest that Petitioners' assertion, that their motion to quash the writs of garnishment was denied by Respondent, is not entirely correct. We accept the assertion as true.

■ It is Petitioners' contention that Respondent lacked jurisdiction over the subject-matter of the indebtedness [wages] owed them by the employer, and, consequently, lacked jurisdiction to issue the writs of garnishment directed to their employer. For the purposes of disposing of the question of whether Petitioners had a plain, speedy and adequate remedy in the ordinary course of law, and, therefore, were not entitled to a writ of mandamus, we assume the accuracy of their contention. Ordinarily the order denying the motion to quash a writ of garnishment is neither a final judgment nor an interlocutory judgment, order or decision practically dis-

posing of the merits of a case. Hence, it is not appealable. Cornett v. Fulfer, 26 N.M. 368, 189 P. 1108 (1920). However, this rule is not applicable if the motion to quash the writ of garnishment is directed at the lack of jurisdiction of the court issuing the writ. The Supreme Court of Minnesota in the case of Fulton v. Okes, 195 Minn. 247, 262 N.W. 570 (1935), upon being confronted with the contention that the court issuing a writ of garnishment lacked jurisdiction over the property sought to be impounded by the garnishment, and, consequently, its order denying a motion to dismiss the garnishment proceeding was appealable, held as follows:

"There is a motion by plaintiffs to dismiss the appeal on the ground that the order appealed from is not appealable. The clear statement in Krafve v. Roy & Roy, 98 Minn. 141, 107 N.W. 966, 967, 116 Am.St.Rep. 346, determines the motion here made and sustains the appeal. It is there said: 'It is clear that an order refusing to discharge a garnishee in an action in which the court has jurisdiction of the parties is not appealable. It is equivalent to an order for judgment against him, and the appeal must be taken from the judgment. Croft v. Miller, 26 Minn. 317, 4 N.W. 45; Pillsbury v. Foley, 61 Minn. 434, 63 N.W. 1027. But here the defendant, by his motion to discharge the garnishee and to dismiss the action, challenges the jurisdiction of the court to proceed further in the action, and the order is appealable. Plano Manufacturing Co. v. Kaufert, 86 Minn. 13, 89 N.W. 1124. The appeal in McKinney v. Mills, supra [80 Minn. 478, 83 N.W. 452, 81 Am.St.Rep. 278], was from a similar order.' "

We are of the opinion that an appeal does lie from an order refusing to quash a writ of garnishment or to dismiss the garnishment proceedings if there is a question as to the jurisdiction of the issuing court over the indebtedness or funds impounded, or to be impounded, under the writ. This question could not possibly have been resolved in an appeal by Petitioners from the respective judgments rendered against them

by Respondent in the suits brought against Petitioners by their creditors.

The question then arises whether this right of appeal from the order of Respondent denying Petitioners' motion to quash the writs of garnishment is affected by the fact that the magistrate court, over which Respondent presides, is not a court of record, and appeals from that court to the district court are in fact trials de novo. Sections 36–1–1, 36–15–2, 36–15–3 and 36–21–42, N.M.S.A.1953 (2nd Repl. Vol. 6, 1972). In resolving this precise question, the Missouri Court of Appeals in State v. Cowan, 72 S.W.2d 800, 802 (Mo.App.1934) held as follows:

"If relator, as defendant in said cause, was aggrieved by such order and final judgment of dismissal in that he was thereby deprived of a judgment in his favor against the plaintiff, to which he was entitled, he had the right of an appeal therefrom, wherein such erroneous judgment might have been reviewed and corrected. Section 2340 Rev.St.1929 (Mo.St.Ann. § 2340, p. 2444). The adequate remedy by appeal for the review and correction of said judgment having thus existed, mandamus does not lie to correct the error therein." (Citations omitted).

Section 2352 of the 1929 Missouri Revised Statutes, which was a part of the article relating to appeals from justice of the peace courts with which the Cowan case was concerned, provided that appeals from these courts should be heard de novo in the circuit courts.

Since Respondents had a plain, speedy and adequate remedy at law from the order denying their motion to quash the writs of garnishment, to wit, an appeal by trial de novo therefrom to the district court, mandamus did not lie to correct the claimed error by Respondent, if in fact error was committed.

The appeal should be dismissed for the reasons hereinabove stated.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.