629 P.2d 1233

**TIFFANY CONSTRUCTION CO., INC., Plaintiff-Appellant,**

v.

**BUREAU OF REVENUE, State of New Mexico, Defendant-Appellee.**

No. 3777.

Court of Appeals of New Mexico.

Aug. 12, 1980.

McCulloch, Grisham & Lawless, Thomas L. Grisham, Albuquerque, for plaintiff-appellant.

Jeff Bingaman, Atty. Gen., Sarah Bennett, Gerald Richardson, Asst. Attys. Gen., Santa Fe, for defendant-appellee.

ORDER

LOPEZ, Judge.

This case is on remand from the United States Supreme Court with instructions to reconsider it in light of *White Mountain Apache Tribe v. Bracker*, 448 U.S. 160, 100

S.Ct. 2599, 65 L.Ed.2d 665 (1980) and *Central Machinery Co. v. Arizona State Tax Commission*, 448 U.S. 160, 100 S.Ct. 2599, 65 L.Ed.2d 684 (1980). The cases involved the attempted imposition of various state taxes on non-Indian entities which were doing business with Indian tribes. In *White Mountain Apache Tribe*, the state of Arizona wished to impose its motor carrier license tax and its use fuel tax on activities of a non-Indian logging company working entirely on the Fort Apache Reservation for a tribal company. *Central Machinery Co.* involved the attempted application of the Arizona gross receipts tax to the sale on a reservation of farm machinery to a tribe by a corporation that did not reside on the reservation and was not licensed to trade with Indians. Both cases were decided on the basis of federal preemption. The issue of preemption was not, however, properly raised in this court on appeal.

■ It is well settled that on appeal, any errors claimed must be specifically briefed and argued. *Alfred v. Anderson*, 86 N.M. 227, 522 P.2d 79 (1974); *see, Petty v. Williams*, 71 N.M. 338, 378 P.2d 376 (1963). Tiffany never argued that federal laws and regulations had preempted the area of road building on an Indian reservation, and that, consequently, the State was powerless to tax a non-Indian entity engaged in road improvement there. On the contrary, Tiffany suggested that the doctrine of federal preemption did not apply to the case at bar. In its Brief-In-Chief, Tiffany said only the following concerning preemption:

> The federal preemption doctrine developed in the case of *Warren Trading Post Co. v. Arizona Tax Commission*, 380 U.S. 685, 85 S.Ct. 1242, 14 L.Ed.2d 165 (1965). In that case the Supreme Court struck down a gross receipts tax on the income of a company which operated a trading post on the Navajo Reservation. *That case differs from the present case in that Congress has fully legislated and regulated concerning trading by non-Indians on Reservations and has thus preempted that entire area.* (Emphasis added.)

Tiffany's Brief-In-Chief in the New Mexico Court of Appeals, pp. 17–18. In the District Court, Tiffany failed to submit a finding of fact or conclusion of law regarding preemption. Even its Petition for Certiorari to the United States Supreme Court did not mention that issue. Not having been raised before, the issue of federal preemption cannot be considered by us now.

■ A state tax would also be invalid if it infringed on the Indians' right to make their own laws and be ruled by them. *See, White Mountain Apache Tribe; Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). In its Petition for Certiorari to the United States Supreme Court, Tiffany presented the question of whether the New Mexico taxation on Non-Indians, doing work to be financed by Indians, constitutes State infringement on the right of reservation Indians to self-government.

Tiffany's requested conclusions in the district court also presented the infringement issue. The district court denied these requested conclusions. The district court ruled that the imposition of the tax did not violate due process. In its appeal to this Court, Tiffany did *not* raise an infringement issue. Its claim, page 22 of Tiffany's Brief-In-Chief, was:

> Tiffany Construction Co. maintains that it has no 'nexus' or minimum contacts with the State of New Mexico for the purpose of taxation, and that it received no benefits entitling the state to levy its gross receipts tax upon it. Thus, the imposition of a gross receipts tax by the State of New Mexico upon Tiffany Construction Co. is a taking of its property without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

The above claim is repeated at page 30 of Tiffany's Brief-In-Chief.

No infringement issue was presented for decision in this Court. Inasmuch as Tiffany's petition for certiorari to the United States Supreme Court raised questions as to the candor of Tiffany in identifying infringement as an issue, we point out that Tiffany's motion in this Court is based entirely on a theory of preemption. We have pointed out that Tiffany raised no preemption claim in its appeal to this court.

Having reconsidered our prior decision pursuant to instructions of the United States Supreme Court and having determined that reconsideration was directed to an issue not raised by Tiffany in its appeal to this Court, we reinstate our prior decision.

IT IS SO ORDERED.

WOOD, C. J., and HENDLEY, J., concur.