This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GARY STRIPLING and LOUISE PARTEN,**
**f/k/a LOUISE STRIPLING,**

     Plaintiffs-Appellees,

v.
                                  **NO. 28,729, 28,942 & 28,988**
                                       **(Consolidated)**

**SHAUNA, INC., dba**
**SOLITAIRE HOMES,**

     Defendant-Appellant,

Joined with

**GARY STRIPLING and LOUISE PARTEN,**
**f/k/a LOUISE STRIPLING,**

     Plaintiffs-Appellees,

v.

**SHAUNA, INC.,**
**GEORGE and SHARI SULIMA,**
**SOLITAIRE HOLDINGS, LLC,**
**DIAMOND HOME TRANSPORT, INC., and**
**SOLITAIRE HOME TRANSPORT, L.P.,**

     Defendants-Appellants,

and

**SOLITAIRE HOLDINGS, LLC,**

     Garnishee-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Feferman & Warren
Charles Parnall
Susan Warren
Richard Feferman
Albuquerque, NM

for Appellees

Vance, Chavez & Associates, LLC
James A. Chavez
Albuquerque, NM

for Appellants

Moses, Dunn, Farmer & Tuthill, P.C.
Terry D. Farmer
Mark A. Glenn
Jason M. Wexler
Albuquerque, NM

for Solitaire Holdings, LLC

**MEMORANDUM OPINION**

**GARCIA, Judge.**

     This case initially presented the issue of whether two separate cases were joined

and consolidated by the district court for purposes of enforcement and collection. In the first lawsuit, a judgment was entered against Shauna, Inc., and in favor of the Striplings. In the second lawsuit, the judgment contained unique language specifically entitling the Striplings to collect their first judgment against additional parties. The additional parties were the Sulimas, who owned Shauna, Inc. The Sulimas were not parties in the first lawsuit involving fraud committed by Shauna, Inc., but were parties in the second lawsuit dealing with fraudulent transfers from Shauna, Inc., committed by the Sulimas. The first issue we must resolve deals with the finality of the district court's orders entered in the two lawsuits. These orders addressed a writ of garnishment in the first lawsuit and joinder of the two lawsuits. The issue of standing also became ripe in this matter when George Sulima, the only remaining judgment debtor in the second lawsuit, failed to file any briefs and abandoned his appeal. We recognize the unique factual and procedural circumstances presented in this case. We hold that the district court's orders dealing with garnishment and joinder shall be recognized as final for the purposes of this appeal. We further hold that, as garnishee, Solitaire does not have standing to attack the consolidated judgment and writ of garnishment entered against George Sulima, the judgment debtor. As a result, Solitaire did not have standing to appeal the district court's rulings regarding the joinder of the two cases. We affirm.

## BACKGROUND AND PROCEDURAL HISTORY

This case had a complicated procedural history. In 2003, Plaintiffs, the Striplings, initiated an arbitration and a lawsuit (the 2003 Case) that involved fraud claims regarding the sale of a mobile home by Shauna, Inc., (Shauna). Shauna was a wholly-owned entity of George and Shari Sulima (the Sulimas). The Striplings prevailed in the 2003 Case, and the district court entered judgment solely against Shauna (the 2003 Judgment). Before the 2003 Judgment was entered, however, Shauna transferred significant portions of its assets and other funds to the Sulimas and to Solitare Holdings, LLC (Solitaire), a related business entity. As a result of these transfers, the Striplings were unable to collect the full amount of the 2003 Judgment against Shauna. In 2006, the Striplings initiated a separate fraudulent transfer lawsuit (the 2006 Case) against Shauna and additional defendants, including the Sulimas and Solitaire. Solitaire was dismissed by stipulation from the 2006 Case prior to trial. Again, the Striplings prevailed in the 2006 Case and, on May 6, 2008, a judgment for fraudulent conveyance was entered against Shauna and the Sulimas individually (the 2006 Judgment). The 2006 Judgment did not award a specific monetary damage amount in favor of the Striplings. Instead, the district court awarded the Striplings the right to collect the 2003 Judgment against the Sulimas as follows:

> Plaintiffs are *entitled to collect from* George Sulima and Shari Sulima, jointly and severally, *[the 2003 Judgment]*, in favor of Plaintiffs

3

and against Shauna, Inc., in the action filed in this judicial district and entitled *Stripling v. Shauna*, D-1116-200300169, [the 2003 Case].

(emphasis added).  The 2006 Judgment did not award any damages against the remaining three defendants, one of the three being Solitaire.  As part of the 2003 Case, the district court entered an additional arbitration award of attorney fees in favor of the Striplings on July 23, 2008 (the Judgment Awarding Attorney Fees).  On August 20, 2008, the district court issued a *sua sponte* order of joinder (the Order of Joinder) to formally join the 2003 Case with the 2006 Case (the Consolidated Cases).

On June 2, 2008, prior to the Order of Joinder and pursuant to the language contained in the 2006 Judgment, the Striplings filed an application for a writ of garnishment against George Sulima in the 2003 Case to collect the 2003 Judgment against him personally (the Writ of Garnishment).  The Writ of Garnishment was issued and served on Solitaire, George Sulima's employer on June 6, 2008.  Solitaire and the Sulimas both filed motions to quash the Writ of Garnishment.  The district court denied the motions to quash the Writ of Garnishment on August 20, 2008, and found that the Sulimas were jointly and severally liable for the 2003 Judgment (the Denial to Quash Garnishment).  On August 22, 2008, George Sulima appealed the order of Denial to Quash  Garnishment and the Judgment Awarding Attorney Fees. On September 11, 2008, Solitaire also filed an appeal from the Denial to Quash Garnishment.  On September 19, 2008, Solitaire amended its appeal to include and

4

add the Order of Joinder. George Sulima did not file any briefs with this Court to pursue his appeal. Because George Sulima was the only judgment debtor remaining in the case and he chose not to pursue his appeal, we requested that the remaining parties address the issue of standing.

**ANALYSIS**

**I.      Finality**

The Striplings have raised the issue of whether the Denial to Quash Garnishment and the Order of Joinder are final appealable orders that may be heard by this Court. We address the garnishment issue first. "Ordinarily [an] order denying [a] motion to quash a writ of garnishment is neither a final judgment nor an interlocutory judgment, order or decision practically disposing of the merits of a case. Hence, it is not appealable." *Alfred v. Anderson*, 86 N.M. 227, 230, 522 P.2d 79, 82 (1974). However, "an appeal does lie from an order refusing to quash a writ of garnishment or to dismiss the garnishment proceedings if there is a [genuine] question as to the jurisdiction of the issuing court over the indebtedness or [the] funds impounded, or to be impounded, under the writ." *Id.* In *Alfred*, the Supreme Court suggested that such an appeal was proper because the jurisdictional question could not have been resolved in an appeal of the original judgment rendered in favor of the creditors and against the debtor. *Id.* at 230-31, 522 P.2d at 82-3.

Here, both Solitaire and George Sulima have challenged the jurisdiction of the district court in the 2003 Case to issue the Writ of Garnishment. Because Solitare was not a party in the original 2003 Case and was dismissed from the 2006 Case prior to trial, we raised the issue of whether Solitaire had standing to attack the decisions and orders entered by the district court against Sulima. If Solitaire lacks standing to appeal, we do not need to address Solitaire's arguments regarding finality. As a result, we will only address the issue of finality based upon George Sulima's appeal of the Denial to Quash Garnishment entered by the district court. We recognize that George Sulima did challenge the jurisdiction of the district court to issue the Writ of Garnishment against him in the 2003 Case.

As this appeal raises a genuine question of jurisdiction, our finality determination requires that we look at when the jurisdictional question could have been resolved by George Sulima. *See id.* Prior to the Order of Joinder, we cannot see how George Sulima could have addressed the jurisdictional issue arising from the Writ of Garnishment issued in the 2003 Case by appealing the judgment entered against him in the 2006 Case. At the time of George Sulima's appeal, therefore, the Denial to Quash Garnishment was a final appealable order involving jurisdiction that George Sulima was entitled to have heard by this Court. *See id.* (holding that an order refusing to quash a writ of garnishment was appealable where the question of

jurisdiction could not have been resolved in an appeal by the petitioners from the judgments rendered against them in the suits brought by their creditors).

We next address the finality of a consolidation that was effectuated by the Order of Joinder. Although an order of consolidation does not dispose of the case or address the merits and is not normally considered a final judgment, it can be considered final where the merits of the case have already been resolved. *See Roark v. Farmers Grp., Inc.*, 2007-NMCA-074, ¶¶ 43-44, 142 N.M. 59, 162 P.3d 896. An order "is considered final if all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *Id.* ¶ 41 (internal quotation marks and citation omitted). The Striplings do not dispute that the merits of their 2003 Case involving fraud and the merits of their 2006 Case involving fraudulent transfer had both proceeded to final judgment and conclusion. They argue instead that this case is different from *Roark* because the consolidation does not affect the substantial rights of the parties. However, Solitaire makes numerous arguments regarding how the Order of Joinder is consistent with the finality requirements in *Roark,* practically disposes of the merits of the garnishment proceedings, and affects the substantial rights of George Sulima, one of the parties. Once again, we agree with Solitaire that the entry of the Order of Joinder effectively disposed of the final unresolved issues in the 2006 Case "to the fullest extent possible." *Id.* As to the

7

parties in the Consolidated Cases, therefore, the Order of Joinder would be considered final and appealable. George Sulima was a party in the Consolidated Cases, but he never appealed the Order of Joinder. As a result, the real issue to be addressed is whether Solitaire has standing to attack the Order of Joinder when it was not a party to either lawsuit when the Order of Joinder was entered on August 20, 2008.

## II.     Standing

The determination of whether a party has standing to bring a claim is a question of law which we review de novo. *Prot. & Advocacy Sys. v. City of Albuquerque*, 2008-NMCA-149, ¶ 17, 145 N.M. 156, 195 P.3d 1. In order to have standing to challenge the two disputed rulings of the district court, Solitaire must establish that it meets the three requirements set forth in *ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶ 1, 144 N.M. 471, 188 P.3d 1222. As the only remaining appellant in these proceedings, Solitaire asserts six issues on appeal regarding the Denial to Quash Garnishment and the Order of Joinder. Therefore, Solitaire must establish "injury in fact, causation, and redressability." *Id.* at ¶ 10. We now proceed to address the issue of Solitaire's standing pursuant to the requirements set forth in *ACLU*.

## A.     Injury in Fact

The most significant factor regarding Solitaire's standing in this case is the injury in fact requirement. Under this first requirement, the litigant must prove that

it is "imminently threatened with injury," or that it faces "a real risk of future injury." *Id.* ¶ 11.  Because no judgment was entered against Solitaire in the 2003 Case or the 2006 Case, Solitaire has not argued an injury in fact that arose as a result of the judgment amount awarded in favor of the Striplings and against George Sulima.

Solitaire asserts that it has standing and an injury in fact because the Writ of Garnishment required Solitaire to withhold a total amount of $5,575.24 from George Sulima's paychecks, issued on July 1, August 5, and September 2, 2008.  Solitaire asserts that the injury arose when Solitaire chose to only withhold monies from the September 2, 2008, paycheck in the amount of $2,996.87.  Solitaire does not assert that the Writ of Garnishment would require it to pay any amount other than $5,575.24, regardless of the amount it chose to withhold from Sulima's paycheck.  As a result, Solitaire asserts that it now faces "a real risk of future injury" for the $2,578.40 amount that it voluntarily failed to withhold from George Sulima's July and August 2008 paychecks.  A real risk of future injury is sufficient to establish standing. *Corn v. N.M. Educators Fed. Credit Union*, 119 N.M. 199, 202, 889 P.2d 234, 237 (Ct. App. 1994), *overruled on other grounds by Trujillo v. City of Albuquerque*, 1998-NMSC-031, 125 N.M. 721, 965 P.2d 305.  We are also mindful of our Supreme Court's decision recognizing that to establish an injury in fact, "the extent of injury can be very slight." *De Vargas Sav. & Loan Ass'n v. Campbell*, 87 N.M. 469, 472,

9

535 P.2d 1320, 1323 (1975).

We conclude that the undisputed amount owed under the Writ of Garnishment was not converted into a future injury because Solitaire willfully violated the Writ of Garnishment when it failed to withhold the full $5,575.24 amount from George Sulima's paychecks. It is undisputed that Solitaire should have withheld the actual $5,575.24, and the amount owed has not increased or decreased. As a result, Solitaire did not suffer an injury in fact from the Writ of Garnishment issued against it in the 2003 Case.

In addition, the Order of Joinder did not change the fact that Solitaire remained indebted to the Striplings in the amount of $5,575.24 if the Writ of Garnishment remained enforceable. By entering the Order of Joinder, the district court simply consolidated two related cases that involved one unified amount owed to the Striplings. We interpret Solitaire's argument as an attempt to challenge the legal effect of the Order of Joinder, but Solitaire provides us with no authority to support its position that the binding legal effect of the Order of Joinder created a new injury to Solitaire, as a garnishee. This Court has no duty to review an argument that is not adequately developed. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that relied on several factual assertions that were made without citation to the record). If any

10

new injury was created by the Writ of Garnishment or the Order of Joinder, it was an injury imposed upon the Sulimas and this potential injury is no longer the subject of any further appeal by George Sulima.

As a matter of public policy, any acceptance of Solitaire's future injury argument would allow garnishees to manipulate the injury in fact requirement for standing purposes by intentionally disregarding a court's writ of garnishment. Under Solitaire's argument, standing would only be denied to a garnishee that actually complied with the requirements of the writ and withheld the correct amount. We refuse to recognize or condone such a practice. A party is generally not allowed to benefit from its own wrongdoing. *See Vigil v. Haber*, 119 N.M. 9, 10-11, 888 P.2d 455, 457 (1994) (emphasizing that "no man should take advantage of his own wrong" (alteration, internal quotation marks and citations omitted)); *see also Cress v. Scott*, 117 N.M. 3, 7, 868 P.2d 648, 652 (1994) (same); *Lenning v. N.M. State Bd. of Educ.*, 82 N.M. 608, 609, 485 P.2d 364, 365 (Ct. App. 1971) (same).

Finally, Solitaire has failed to assert any other factual basis to establish an injury in fact that applies to the Writ of Garnishment or the Order of Joinder. As a result, Solitaire's failure to withhold the undisputed $5,575.24 amount from George Sulima's other two paychecks, as required pursuant to the Writ of Garnishment, will not be recognized as a legal basis to create a future injury in fact to Solitaire and

11

establish standing in this case.

**B.      Causation and Redressability**

Because Solitaire has failed to satisfy the first *ACLU* requirement of an "injury in fact," this Court is not required to address the remaining two requirements of causation and redressability. *See* 2008-NMSC-045, ¶¶ 14, 23 (recognizing that the case turned on the injury in fact requirement and choosing not to address the elements of causation and redressability). Although Solitaire has summarily argued these two additional requirements in its brief, it cannot establish a casual connection or redressability without any injury in fact. Standing to challenge the Denial to Quash Garnishment and the Order of Joinder has not been established by Solitaire. Because Solitaire does not have standing to challenge the Denial to Quash Garnishment and the Order of Joinder, it is not necessary to address the remaining issues regarding jurisdiction that Solitaire has raised in this matter pursuant to the Writ of Garnishment.

**CONCLUSION**

Solitaire does not have standing to challenge the Writ of Garnishment or the Order of Joinder. The Writ of Garnishment is fully enforceable against Solitaire as the employer of the judgment debtor, George Sulima. We affirm the orders of the district court and remand for further proceedings consistent with this Opinion.

12

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**CYNTHIA A. FRY, Judge**

13